**Paul A. BERGMAN, Appellant,**

v.

**Joan C. BERGMAN, Appellee.**

**No. 08–91–00274–CV.**

Court of Appeals of Texas,
El Paso.

April 8, 1992.

Gordon Stewart, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellant.

Stuart R. Schwartz, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a turnover order which was entered in order to enforce the parties' separation agreement and the terms of divorce decree entered in the State of Connecticut which required Appellant to pay the Appellee monthly alimony payments of $1,350. We reverse and remand.

These parties entered into a separation agreement in 1975 which gave the husband custody of the parties' minor child with the wife having reasonable visitation rights.

In addition to agreeing on the division of property, the parties agreed that the husband would pay to the wife as alimony the sum of $1,350 per month, until her death or remarriage. In 1987, an order was entered in the Superior Court in Connecticut finding Mr. Bergman in arrears of $16,200 and counsel fees of $2,250 for a total arrearage of $18,450.

Suit was filed in El Paso County, Texas seeking to obtain a judgment for the amount past due and for the amounts continuing to accrue. On April 25, 1991, a judgment was entered for the sum of $18,450, plus the additional sum $59,750, which had accrued since the 1987 order was entered in Connecticut. An additional recovery of $28,500 was ordered for breach of an agreement to maintain a life insurance policy and there was an award of attorney's fees for the trial and for any appeal.

Finally, on May 29, 1991, the court entered an Order for Turnover which required the Appellant to "turn over all non-exempt funds in the form received, endorsed as required (as well as all documents evidencing payment and receipt) to the Sheriff of El Paso County, Texas until such time as the underlying Judgment, including interest, court costs and attorney's fees is paid in full; ...." This order was entered pursuant to Tex.Civ.Prac. & Rem. Code Ann. § 31.002(b)(1) (Vernon 1986).

The Appellant perfected his appeal from the Order for Turnover, but not from the final Judgment as to the amounts owed to the Appellee. Prior to submission of the case, a motion was filed seeking to have the Appellant held in contempt. In a per curiam opinion, this Court denied that motion on the grounds that the turnover order did not contain the requisite specificity to support a contempt order.

The Appellant presents five points of error complaining primarily of the turnover being vague and general and lacking specificity as to the property to be turned over by him. The first point asserts the trial court erred in failing to file findings of fact and conclusions of law. The Appellee argues in response that this is an appeal from an interlocutory order and that the

trial court may, but is not required to, make findings of fact and conclusions of law. In total fairness to the trial judge and the parties, it must be noted that the opinion by the Texas Supreme Court in *Schultz v. Fifth Judicial District Court of Appeals at Dallas,* 810 S.W.2d 738 (Tex.1991, orig. proceeding) was handed down after the entry of the turnover order in this case. In that case, the Court said, "We hold that a post-judgment turnover order is an appealable final judgment...." *Id.* at 738. Thus, we conclude that Tex.R.Civ.P. 296 and 297 apply and it was error for the trial court to fail to comply with a timely request for findings of fact and conclusions of law. *Anzaldua v. Anzaldua,* 742 S.W.2d 782 (Tex.App.—Corpus Christi 1987, writ denied). Because of other errors, we need not decide whether to reverse and remand or whether to abate the appeal to permit the filing of such findings and conclusions. See *Rothwell v. Rothwell,* 775 S.W.2d 888 (Tex.App.—El Paso 1989, no writ). Point of Error No. One is sustained.

■ The Appellant contends in his third and fourth points of error that the order is vague, general and fails to specify the specific property to be turned over and he is unable to determine his rights with regard to property that is exempt. The order directs Paul Bergman to "turn over all non-exempt funds in the form received, endorsed as required" to the Sheriff of El Paso County, who is directed to deposit those funds with the district clerk. In the *Schultz* opinion, the Court referring to the turnover statute said:

> The statute requires a factual showing that the judgment debtor has non-exempt property that is *not* readily subject to ordinary execution.... Upon proof of the necessary facts, it authorizes the trial court to order affirmative action by the judgment debtor and others to assist the judgment creditor in subjecting such non-exempt property to satisfaction of the underlying judgment.

810 S.W.2d at 740.

This language certainly mandates that the trial court is to have a hearing, determine what specific assets are exempt, and what assets are subject to the court's order and then to direct the payment as the court determines is proper. If the statute requires a factual showing of non-exempt property, the court has to be acting with regard to certain specific property that it will direct be turned over to satisfy a judgment. It is not to be left to the debtor to determine what property that person has and whether it is exempt. Otherwise, there would be no need for any "factual showing" by "proof of the necessary facts" as required by Justice Gammage's opinion. *Id.* at 740. As noted in that opinion, the trial court's order required the judgment debtor to turn over his paychecks from a specific clinic. Nothing was left to the debtor to decide about what property was to be endorsed over and whether it might be exempt. The trial court had specified the check to be turned over.

The Court in *Schultz* characterized the turnover order as a mandatory injunction. It is "elementary that an injunction must be definite, clear and concise, leaving the person enjoined in no doubt about his duties, and should not be such as would call on him for interpretations, inferences or conclusions." *Gulf Oil Corporation v. Walton,* 317 S.W.2d 260, 264 (Tex.Civ. App.—El Paso 1958, no writ). In this case, the order does not meet that standard. Points of Error Nos. Three and Four are sustained.

Points of Error Nos. Two and Five need not be passed upon since the case must be remanded to the trial court.

The order of the trial court is reversed and the case is remanded.