Kimberly BOLEY, b/n/f Carolyn
Boley, Appellant,

v.

B. Kevin KNOWLES, D.O., Respondent.

No. 77207.

Supreme Court of Missouri,
En Banc.

March 21, 1995.

Richard F. Modin, Philip R. Holloway, Miller, Dougherty & Modin, Kansas City, for appellant.

Terry M. Evans, Grant T. Williams, Andereck Evans, Milne, Peace & Baumhoer, Trenton, for respondent.

COVINGTON, Chief Justice.

Kimberly Boley, a minor, by her mother Carolyn Boley as next friend, appeals an order of the trial court denying Kimberly leave to amend her petition for damages to include costs of medical treatment resulting from the alleged negligence of B. Kevin Knowles, D.O. The trial court, pursuant to Rule 74.01(b), determined that there was no just reason to delay appeal of its order denying leave to amend. The Missouri Court of Appeals, Western District, affirmed. This Court granted transfer. Appeal dismissed.

On June 29, 1989, Dr. Knowles treated Kimberly for a laceration of her right knee. At the time of the injury, Kimberly was a minor in the custody of her natural mother, Carolyn Boley. After treatment by Dr. Knowles, Kimberly allegedly experienced complications which necessitated further medical treatment.

Kimberly, by her mother as next friend, filed a petition for damages on April 21, 1992, alleging that the complications and their consequences were caused by Dr. Knowles' negligence. Carolyn Boley joined the action in her individual capacity, alleging that, as Kimberly's parent, she incurred medical expenses for Kimberly's treatment necessitated by Dr. Knowles' negligence.

Dr. Knowles moved to dismiss Carolyn Boley's claim, asserting that the statute of limitations barred the claim for medical expenses.[1] The trial court granted the motion.

---

1. Section 516.105, RSMo 1994, bars medical malpractice actions not brought within two years from the date of the alleged negligence.

Soon thereafter, Kimberly sought leave of court to amend her petition to seek damages for the medical bills incurred as a result of the alleged medical malpractice.[2] The trial court denied the motion for leave to amend, holding that to grant Kimberly leave to amend her petition would effectively extend the statute of limitations that barred her mother's claim. The trial court amended its order, pursuant to Rule 74.01(b), to declare that there was no just reason to delay appeal of the order.

■■■ Neither party questions the authority of the trial court to certify its order as appealable pursuant to Rule 74.01(b). This Court is nevertheless required to determine whether it has jurisdiction to hear the appeal. *Committee for Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). "A prerequisite to appellate review is that there be a final judgment." *Id.;* § 512.020, RSMo 1994. If the order of the trial court was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed. *Committee for Educ. Equality,* 878 S.W.2d at 454. An appealable judgment disposes of all issues in a case, leaving nothing for future determination. *Quiktrip Corp. v. City of St. Louis,* 801 S.W.2d 706, 710 (Mo. App.1990). Rule 74.01(b), however, permits a trial court to enter judgment on a single claim when multiple claims are asserted in a single case and to certify its judgment as appealable "upon an express determination that there is no just reason for delay." A judgment that resolves fewer than all legal issues as to any single claim is not a final judgment and may not be separately appealed even if the trial court designates it as final and appealable. *Committee for Educ. Equality v. State,* 878 S.W.2d at 450. "Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Id.* Thus, if the order disposed of "one claim for relief,"[3] the order is a final judgment and this Court has juris-

diction. Conversely, if the order merely disposed of a remedy, it is not a final judgment and this Court lacks jurisdiction to entertain the appeal.

■■ Dr. Knowles asserts that the claim for medical expenses belongs to Kimberly's parents alone; thus, Kimberly's claim, if any, is barred by the statute of limitations. Kimberly argues that her claim exists independently of and concurrently with her mother's claim; therefore, the statute of limitations defense asserted against her mother's claim to recover medical expenses is inapplicable to her claim. If recovery of medical expenses is available solely to the parents, the trial court's order denying Kimberly leave to assert the parental cause of action disposed of "one claim for relief" and the certification of its order as appealable pursuant to Rule 74.01(b) was proper. If, on the other hand, the cause of action is vested in the child as well as the parents, then recovery of medical expenses is merely one of Kimberly's remedies, and the trial court's certification of its order as appealable was error.

■■ At common law, an injury to a child gave rise to two causes of action: one on behalf of the child for pain and suffering, permanent injury, and impairment of earning capacity after majority; the other on behalf of the parents for loss of services during minority and expenses for treatment. *Evans v. Farmers Elevator Co.,* 347 Mo. 326, 147 S.W.2d 593, 599 (banc 1941). The rule developed because parents had a duty to support their child, and were in turn entitled to the custody, control, services, and earnings of the child. *Mennemeyer v. Hart,* 359 Mo. 423, 221 S.W.2d 960, 962 (1949); 59 Am.Jur.2d *Parent and Child* §§ 37, 41 (1987). One objective of the common law rule was to allow the party who actually suffered the damages to recover the loss from the tortfeasor. The rule was also designed to prevent double recoveries. *Sox v. United States,* 187 F.Supp. 465, 469 (E.D.S.C.1960).

---

2. Section 516.105 is inapplicable to minors. *See Strahler v. St. Luke's Hosp.,* 706 S.W.2d 7, 12 (Mo. banc 1986) (holding that § 516.105, as applied to minors, violates their constitutionally guaranteed right of access to the courts).

3. *See Committee for Educ. Equality,* 878 S.W.2d at 451, for a thorough analysis of what is meant by "one claim for relief."

■ Although the common law vested the primary cause of action in the parents, under certain circumstances courts have permitted a minor to recover for medical expenses incurred as a result of another's negligence. In *Garrison v. Ryno,* 328 S.W.2d 557, 564 (Mo.1959), this Court held that the child may recover for medical expenses upon a showing that the parents waived their claim in favor of the child. Further, if the parents, acting as next friend, guardian ad litem, or guardian and curator of the child, with full knowledge of the contents of the pleadings and in full control of the prosecution, stand by and permit the child to assert a claim for medical expenses, the parents will be estopped from asserting the claim on their own behalf. *Id.* When the parents are so estopped, the child is permitted to recover the medical expenses. *Id.* If the child has been emancipated, the cause of action for recovery of medical expenses properly belongs to the child. *Evans,* 147 S.W.2d at 599. In *Sommers v. Hartford Accident & Indem. Co.,* 277 S.W.2d 645, 649 (Mo.App.1955), the court of appeals held that a minor may also recover for medical expenses if the minor actually paid for the medical expenses. The holdings that have permitted an injured minor to recover medical expenses are consistent with the purposes of allowing the party actually bearing the loss to recover his or her damages and of preventing double recoveries.

■ Under certain circumstances, courts have permitted creditors to hold minors liable for their debts, including medical expenses. For example, a minor or the minor's estate may be compelled to pay medical expenses upon a finding that the expenses were necessary. *See Merrick v. Stephens,* 337 S.W.2d 713, 719 (Mo.App.1960); *Fenn v. Hart Dairy Co.,* 231 Mo.App. 1005, 83 S.W.2d 120, 123 (1935). Within statutory limits, a hospital may recover for services provided by claiming a lien upon the proceeds of a minor's action for injuries sustained as the result of another's negligence. § 430.230, RSMo 1994. Similarly, federal law, under certain circumstances, may operate to allow hospitals to file and enforce a lien for services provided upon a personal injury award of a minor. *See Riley v. Herbes,* 524 N.W.2d 523 (Minn.Ct.App.1994);

Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 (1985 & Supp.1994). The common law vested the medical expense action in the parents because the parents were responsible to pay such expenses. Because minors can often be held liable for medical expenses incurred for their treatment, this rationale for granting the primary cause of action for medical expenses in the parents is questionable.

■ Although courts permitted minors to recover medical expenses, the precise basis or bases for the cause of action were not specified. It was unclear whether the minor acquired the parents' right to recover medical expenses through, for example, assignment, or whether the minor's right to recover medical expenses existed independently of the parents' right. Usually the question is without practical significance. When the parental cause of action is barred by the applicable statute of limitations, however, as in the present case, whether the minor has an independent and concurrent right to bring an action to recover medical expenses is determinative of whether the child can maintain the action. *See Senn v. Manchester Bank,* 583 S.W.2d 119, 129 (Mo. banc 1979) (assignee acquires no greater rights than those of the assignor at the time of the assignment).

A number of courts that have addressed the issue have permitted the minor to recover medical expenses in a separate action. *See, e.g., Myer v. Dyer,* 643 A.2d 1382, 1387 (Del.Super.1993) (by not presenting timely claim, parents waived medical expense claim and separate claim existed on behalf of child for such expenses); *Davis v. Drackett Prods. Co.,* 536 F.Supp. 694, 697 (S.D.Ohio 1982) (under Ohio law, statute of limitations may bar parents' claim for medical expenses incurred for treatment of minor, but minor may recover the full amount to which parents would be entitled); *McNeill v. United States,* 519 F.Supp. 283, 291 (D.S.C.1981) (statute of limitations barred parents' claim for medical expenses paid on behalf of minor, but minor may maintain the claim in his separate action); *Sox,* 187 F.Supp. at 469 (same). It is apparent from these decisions that the courts viewed the cause of action as a joint right available to the parents and the child. The child's right was recognized, at least implicitly, so as to avoid the bar of the statute of limitations.

Other courts, however, have considered the claim for medical expenses as belonging exclusively to the parents; thus, if the parents' action for medical expenses is barred by the applicable statute of limitations, the claim for medical expenses is also barred when asserted by the child. *See, e.g., Hutto v. BIC Corp.,* 800 F.Supp. 1367, 1372 (E.D.Va.1992) (assignment of parents' claim for medical expenses to minor does not extend the limitations period); *Vaughan v. Moore,* 89 N.C.App. 566, 366 S.E.2d 518, 520 (1988) ("[I]n order to give effect to the waiver, we would essentially extend the parent's claim beyond its three-year statute of limitations."); *Rose v. Hamilton Medical Ctr., Inc.,* 184 Ga.App. 182, 361 S.E.2d 1, 2 (1987) (action to recover medical expenses of a minor is vested exclusively in the parents).

Review of the decisions of this state and those of other jurisdictions reveals that the primary underlying concern of the courts has been to avoid multiple judgments for recovery of medical expenses. *See, e.g., Sox,* 187 F.Supp. at 469. Courts, therefore, allowed minors to maintain an action to recover medical expenses, if at all, only when the parents could not bring the claim themselves. Apparently attempting to work within the framework of the common law, some courts held that the parents "waived" their claim for medical expenses in favor of their child by not asserting the claim within the limitations period. In this context, use of the term "waiver" is but a fiction, apparently employed to ensure that a claim for recovery of medical expense damages would be available to someone. The law has evolved, therefore, to permit recovery but has done so without meaningful analysis and by application of a vague theory of "waiver," employing a contortion of that term as it is commonly understood.

▮ There is no persuasive reason to retain the common law rule that conferred upon the parents the primary right to recover medical expenses. The factors and concerns that gave rise to the common law rule limiting the child's action in this respect are often illusory or can be otherwise addressed. This Court holds, therefore, that the right to maintain an action to recover medical expenses related to a child's treatment is vested jointly in the child and the parents. Ei-

ther the parents or the minor may maintain an action, although under no circumstances will a double recovery be allowed. A procedural bar that prevents the parents from maintaining an action will not affect the child's right to recover. To the extent that prior cases may be read to be in conflict with the holding of this opinion, they are overruled.

Having determined that the minor's claim may proceed independently of the parents' claim, it is clear that Kimberly's claim for medical expenses is merely one of her remedies and not a separate claim for purposes of Rule 74.01(b) certification. As a consequence of the unique posture of this case, however, this Court could not have determined that the rule 74.01(b) certification was improper without deciding that Kimberly is permitted to maintain an action to recover medical expenses.

Because the order of the trial court was not appealable, this Court lacks jurisdiction and the appeal must be dismissed.

All concur.