William R. SCHOTT and Melvin Van De Ven, doing business as Schott & Company, a general partnership, Plaintiffs/Appellants,

v.

Debra A. BEUSSINK, Everett E. Hay, Thomas D. Martin, and Jerry W. Roe, all individually and doing business as Beussink, Hey, Martin, and Roe, a general partnership for the practice of accountancy, Defendants/Respondents.

No. 68250.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 1995.

Stephen C. Wilson, Buerkle, Beeson, Ludwig, Wilson & Jackson, Jackson, for appellants.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for respondents.

CHARLES B. BLACKMAR, Senior Judge.

The plaintiffs, Certified Public Accountants practicing as partners, sued the defendants, who are Certified Public Accountants and former employees of the partnership, for damages for breach of the provisions of their employment contract relating to withdrawal and competition. At the initial trial before a jury the trial judge directed a verdict for the defendants. This court reversed and remanded the case for new trial. *Schott v. Beussink*, 817 S.W.2d 540 (Mo.App.1991). No second trial has been held. The trial

court sustained the defendants' motion to dismiss paragraphs 7 and 8 in each of Counts I through IV of plaintiffs' first amended petition, found no just reason for delay and determined the order to be final and appealable under Rule 74.01(b). Plaintiffs filed a notice of appeal from this order.

On our own motion we entered an order advising that the claims for damages contained in paragraphs 7 and 8 may not be a separate claim for relief under *Boley v. Knowles*, 905 S.W.2d 86 (Mo. banc 1995). We also advised that the trial court's order was not denominated a "judgment" as required by Rule 74.01(a). We ordered the plaintiffs to show cause why the appeal should not be dismissed for lack of an appealable order. Plaintiffs filed a response in support of their position that the order complied with both rules. We then directed plaintiffs to secure a judgment which complied with Rule 74.01(a). Plaintiffs subsequently filed a document denominated "judgment." We noted the filing and ordered the jurisdictional issue taken with the case. We now conclude that the trial court improvidently certified its order as appealable under Rule 74.01(b). We dismiss the appeal for lack of jurisdiction.

The third amended petition consists of six counts. Counts I through IV differ only in that each is directed against a different defendant. Each seeks recovery for two months' salary as provided by the contract for withdrawal on a date other than June 30 of each year and also, in the questioned paragraphs 7 and 8, injunction and damages for breach of the contract provision prohibiting withdrawing employees from doing work for certain clients of plaintiffs' firm for two years after withdrawal. Each defendant answered, asserting, among other things, that plaintiffs were guilty of breach of contract for failing to pay agreed salaries and for failing to give assurance that their enterprise was financially sound. Counts V and VI, which are not involved in this appeal, seek actual and punitive damages for conspiracy and for interference with contract relations.

■ The right of appeal is statutory. Appeal is appropriate only from a final judgment. § 512.020 RSMo 1994. Rule 74.01(b) authorizes certain appeals from judgments and orders which do not dispose of all parties and all claims in a case, but the rule does not dispense with the statutory requirement that there be a final judgment. The appellate courts, furthermore, are obliged to notice jurisdictional problems whether or not the parties raise them, even if both parties urge the court to proceed with the appeal. *Comm. for Educ. Equality v. State*, 878 S.W.2d 446, 450–51 (Mo. banc 1994). Unless the finality test is met, furthermore, considerations of manifest convenience will not permit the appellate court to go forward.

The recent Supreme Court decision cited above may produce some uncertainty in the application of Rule 74.01(b), but we need not explore the problem in depth because *Boley* controls. That case holds that, when a plaintiff seeks several remedies for the same wrong, the granting or denial of one remedy, leaving others undetermined, will not support a 74.01(b) appeal. 905 S.W.2d at 88. In that case a minor was injured in a traffic accident. The trial court struck his claim for medical expenses on the ground that it belonged to his parents. The Supreme Court held that his claim was simply one of several remedies provided by law for his injuries and that, as such, it could not be made the subject of a separate appeal.

■ In this case the portions of counts I through IV which were not the subject of the "motion to dismiss" and all of Counts V and VI seek damages for the single act of defendants in terminating their employment with plaintiffs and forming a competing firm. The answer states a defense of breach of contract which, if sustained, would defeat all of plaintiffs' claims under all counts. *Boley* is directly on point and mandates dismissal.

The appeal is dismissed.

CRANE, C.J., and SIMON, J., concur.