In the Matter of the ESTATE OF Ernest L. KEATHLEY, Sr., Deceased.

Chris ADELMAN–ADLER, Personal Representative, Petitioner– Respondent,

v.

Mrs. Ernest L. KEATHLEY, Sr., Contemnor–Appellant.

No. 68347.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 26, 1996.

Ernest L. Keathley, Jr., Florissant, for Appellant.

Christelle Adelman–Adler, St. Louis, for Respondent.

KAROHL, Judge.

Contemnor, Mrs. Ernest L. Keathley, Sr., (Laura Keathley) appeals after judgment of civil contempt and from a payout order of funds attached by garnishment in aid of writs of execution to enforce the judgment against contemnor's bank account. The personal representative for the estate-judgment creditor did not contest the appeal.

Ernest L. Keathley, Sr., an attorney at law, was the personal representative of the decedent estates of Franklin Christiansen and Paul John Bode. After Keathley Sr. died on February 16, 1993, the court appointed new and separate personal representatives of the two estates. One of the appointed replacements petitioned the probate court to order administration of the Estate of Ernest L. Keathley, Sr. The court appointed Christelle Adelman–Adler, an attorney at law, to serve as personal representative of the Keathley, Sr. estate. The personal representatives of the Bode and Christiansen estates filed claims against the Keathley, Sr. estate. The court entered judgments in favor of the Bode and Christiansen estates and against the Keathley, Sr. estate in the amounts of $1,250.00 and $2,152.55, respectively. We are not informed of the nature of the claims or defenses.

Thereafter, one of the creditor-estates made a written demand that Adelman–Adler bring an action on its behalf for accounting against Keathley, Sr.'s beneficiaries under § 461.071 RSMo. 1994. In response, on May 2, 1994, Adelman–Adler, in her capacity as personal representative of the Keathley, Sr. estate, brought an "ACTION FOR ACCOUNTING FOR PRO RATA LIABILITY OF POD, TOD, AND JOINT TENANT ACCOUNT BENEFICIARIES" against Laura Keathley and Ernest L. Keathley, Jr., widow and son of Keathley, Sr. The petition requested the probate court (1) to "enter its Order directing Mrs. Ernest L. Keathley, Sr. and Ernest L. Keathley, Jr. to produce for the court a list of those assets held in the name of Ernest L. Keathley, Sr. on the date of his death, either in his own name, the name of any other, or in his name with any other;" (2) to "inform of the whereabouts of each and every asset, both on the date of death and at the present time;" and (3) "to return said assets to the Estate of Ernest L. Keathley, Sr., or deliver to the rightful transferee any money or property of any nonprobate transfers improperly received, along with any income earned thereon by the transferee." The petition also requested a judgment against the beneficiaries "for the value of the property [received and disposed of] as of the date of disposition, and the income and gain received by the transferee from the property and its proceeds." That motion has never been tried or decided.

Eight and one-half months later, widow and son filed a motion to dismiss the May 2, 1994 petition for failure to state a claim. The court overruled the motion on March 29, 1995.

Laura Keathley filed a motion for summary judgment on August 10, 1994. She supported her motion with an "AFFIDAVIT OF TENANCY BY ENTIRETIES". In her affidavit, she attested

[s]ubject to the proviso in paragraph 6 hereof, during the entire time of [her] marriage until his death, all property in which [her] deceased husband, ... Ernest L. Keathley, [Sr.,] had any ownership interest whatsoever ... was owned by ... Ernest L. Keathley[, Sr.] and [her] in tenancy by the entirety.

Paragraph 6 provided:

at the time of his death, Ernest L. Keathley, Sr. was personal representative for the Decedent estates of Franklin Christiansen and John Paul Bode ... for which he performed services, but never received any fee for services performed.

In her appeal brief, Laura Keathley argues a Deputy Probate Commissioner overruled her summary judgment motion. There is no record of an order denying her motion.

Adelman–Adler served interrogatories on Laura Keathley, Ernest Keathley, Jr. and Marilyn Keathley, his wife. Adelman–Adler later filed a motion for sanctions under Rule 61.01(b), alleging the sworn answers to her interrogatories by the Keathleys were contradicted by their own affidavits and other pleadings they had filed.

In December 1994, Adelman–Adler caused subpoenas duces tecum, returnable on January 10, 1995, to be served on Laura Keathley for income tax records and records of property ownership and on Marilyn Keathley, for income tax records. On January 6, 1995, Laura Keathley filed a motion to quash the duces tecum subpoenas. Adelman–Adler filed a motion for sanctions and set a hearing on that motion on the morning of January 10, 1995. Laura and Marilyn Keathley did not appear. At the hearing, Keathley, Jr. informed the court he had instructed his moth-er and his wife that they did not have to comply with the subpoenas because they were invalid. The probate court told Keathley, Jr. that if he would guarantee the subpoenaed witnesses would appear for a 2:00 p.m. hearing that day, the court would not issue body attachments. The court told Keathley, Jr. "I'll send the sheriffs out after them next time. I will set this hearing and they will be here when the next hearing [at 2:00 p.m.] will take place; you understand?" Keathley, Jr. agreed. None of the Keathleys appeared at 2:00 p.m. At 4:20 p.m. on January 10, 1995, the court entered a written order for body attachments for Laura Keathley, Marilyn Keathley and Ernest Keathley, Jr.[1] Sometime that afternoon, Keathley, Jr. appeared. The court informed Keathley, Jr. that if he could reach an agreement before the next morning with Adelman–Adler regarding the cooperation of witnesses and document production, then the court would not enforce the body attachments.

The January 10 or 11, 1995, hearing on the motions for sanctions was continued to February 7, 1995. The court continued the duces tecum subpoenas to February 7, 1995. On February 7, 1995, in the morning, neither witness appeared. Keathley, Jr. was present. He indicated he had supplied Adelman–Adler with all of the information she requested so there was no need for witnesses. After some discussion, Keathley, Jr. acknowledged he had not provided Adelman–Adler with copies of 1099 forms due to an oversight. The court found Keathley, Jr. had not provided all the information requested. It cautioned Keathley, Jr. not to advise witnesses to disobey subpoenas unless he himself was satisfied there could be no objection. It ordered Keathley, Jr. to bring in the subpoenaed witnesses for a 1:00 p.m. hearing on February 7, 1995. The court said, "I didn't say around one o'clock, I said one o'clock. I want them here at one o'clock." Keathley, Jr. agreed.

At 1:12 p.m. the court went on the record. Keathley, Jr. and the witnesses were not present. It found Keathley, Jr. in violation of its directive to have the witnesses in at-

---

1. Ernest Keathley, Jr. was not subpoenaed for the hearing and not subject to attachment.

tendance in court at 1:00 p.m. On February 9, 1995, the court issued written findings and orders. It found "Ernest L. Keathley, Jr. intentionally instructed Laura Keathley and Marilyn Keathley not to appear at the hearing on January 10, 1995, and February 7, 1995, pursuant to valid subpoenas and this court's order requiring their appearance and production of documents at said hearings." The court summarily (1) held "Ernest L. Keathley, Jr., Laura Keathley and Marilyn Keathley . . . in contempt of court for failing to comply with the orders of this court."; (2) taxed "[c]osts of $5,001.79 . . . to Ernest L. Keathley, [Jr.,] Laura Keathley and Marilyn Keathley jointly and severally. Said costs represent [an] attorney fee of $4,702.50 and her costs of $32.28 and court costs of $267.00."; (3) ordered "Ernest L. Keathley, [Jr.,] Laura Keathley jointly and severally . . . to pay the unpaid balance of the claims of the Estate of Franklin Christiansen and the Estate of Paul John Bode" and (4) removed "Keathley, Jr. . . . as attorney for Laura Keathley and Marilyn Keathley." Adelman–Adler executed on the contempt judgment and garnishment in aid of the executions. A Deputy Clerk issued two writs of execution directed to Laura Keathley's Mercantile bank accounts. Laura filed a motion to quash the requests for execution and/or garnishment and the writs of executions and/or garnishments. The court denied the motion to quash.

Adelman–Adler filed a motion for an order for garnishee, Mercantile Bank, to pay into court. Mercantile Bank paid $7,422.32 into court. On April 27, 1995, Adelman–Adler filed a request for payout of funds received. On May 9, 1995, the court ordered a payout of the funds received from the Mercantile bank accounts. It ordered a payout of (1) $1,396.19 to the Christiansen estate, (2) $945.21 to the Bode estate, (3) $4,734.78 to Adelman–Adler for attorney's fees and costs, and (4) $200.00 to United Missouri Bank for records requested by Adelman–Adler. Laura Keathley appeals from the payout order.

■ As an order for civil contempt, the order of the trial court is not final for purposes of appeal unless the order has been enforced in some manner. *City of Pagedale*

*v. Taylor*, 790 S.W.2d 516, 518 (Mo.App. 1990). The Deputy Clerk enforced a contempt order by issuing two writs of execution garnishing funds from Laura Keathley's Mercantile Bank accounts. The final judgment for purposes of appeal in a garnishment case is the order directing the court clerk to pay out the garnished funds or property to the judgment creditor. *Hill, Lehnen & Driskill v. Barter Systems*, 707 S.W.2d 484, 486 (Mo.App.1986). Laura Keathley may appeal from the pay out order.

Laura Keathley raises five points on appeal. Two of her points are dispositive. Laura Keathley argues the trial court erred in (1) overruling her motion to quash the February 17, 1995 writ of execution and the garnishment in aid of the execution and (2) issuing the court's payout order. She argues the court was in error because a garnishment and writ of execution may only be issued upon a final judgment, and the contempt order of February 9, 1995 is not a final judgment. We hold the contempt order was invalid and will not support execution and garnishment.

■ Garnishment in aid of execution is an incidental remedy whereby a plaintiff seeks to collect on a judgment by reaching the defendant's property in the hands of a third party. A valid judgment and a valid execution are indispensable prerequisites to a valid garnishment. *Dunn v. Bemor Petroleum*, 737 S.W.2d 187, 189 (Mo. banc 1987). Rule 74.01(a) was amended effective January 1, 1995 to provide: "A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed." Rule 74.01(a). *See Schott v. Beussink*, 913 S.W.2d 106, 107 (Mo.App. E.D.1995).

■ The garnishments in aid of the execution in this case were ordered to enforce the February 9, 1995 contempt order which included a provision taxing costs of $5,001.79 to Ernest Keathley, Jr., Laura Keathley and Marilyn Keathley, jointly and severally, for attorney's fees and costs and ordered Ernest Keathley, Jr. and Laura Keathley to pay, jointly and severally, the unpaid balance of the Christiansen and Bode claims. The con-

tempt order is not denominated "Judgment". In fact the word "judgment" appears nowhere in the order. Because it is not denominated "judgment" and for additional reasons set forth below, the February 9, 1995 order was never a valid judgment. Rule 74.01(a). For that reason the writs of execution and the garnishments in aid thereof were also invalid. The court erred in failing to quash the two garnishments.

There is an independent reason the contempt order was invalid. It was based on an observation that Laura Keathley, Marilyn Keathley and Ernest Keathley, Jr. failed to appear on a motion for sanctions at 1:00 p.m. on February 7, 1995 as ordered. The February 9, 1995, order found:

> Ernest L. Keathley, Jr. intentionally instructed Laura Keathley and Marilyn Keathley not to appear at the hearing on January 10, 1995, and February 7, 1995, pursuant to valid subpoenas and this court's order requiring their appearance and production of documents at said hearings. Ernest L. Keathley, Jr., Laura Keathley and Marilyn Keathley held in contempt of court for failing to comply with the orders of this court.

The order also noted:

> [t]he hearing ended at 1:20 p. m. February 7, 1995. No communication was received from Ernest L. Keathley, Jr., Laura Keathley or Marilyn Keathley at or prior to 1:00 p.m. February 7, 1995, informing the court that they will not arrive in time for the 1:00 p.m. hearing.

It is unclear from the order which nonappearance the court found contemptuous. It is undisputed the order was for the benefit of the Keathley Sr. estate and was unsupported by any evidence to support a finding the Laura Keathley's conduct was contemptuous of the court. Moreover the merits of the underlying proceeding to discover assets have never been tried. There is no support for a finding Laura Keathley ever had any estate assets in her possession, particularly in a bank account. The court had no jurisdiction to use contempt as a substitute for a hearing on the merits of a pending motion for Rule 61.01(b) sanctions.

We reverse and remand with directions to the probate court to set aside the contempt order of February 7, 1995 against appellant Laura Keathley and void the executions and garnishment based on that order. Respondent's motions are denied.

RHODES RUSSELL, P.J., and SIMON, J., concur.