STATE ex rel. Robin HILBURN,
Respondent,

v.

Sherry STAEDEN (Ladlee),
Respondent,

Jeremiah W. (Jay) Nixon, Attorney
General, Intervenor–Appellant.

No. SC 83455.

Supreme Court of Missouri,
En Banc.

Dec. 18, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for Intervenor–Appellant.

Kimberly L. Lowry, Springfield, Guardian ad Litem.

Robert M. Sweere, Springfield, Carolyn H. Kerr, Dept. of Social Services, Division of Legal Services, Jefferson City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Chief Justice.

The Attorney General, as intervenor, appeals an "Order" of the circuit court setting aside a "Judgment and Order" for child support entered by an administrative hearing officer of the Division of Child Support Enforcement (DCSE). The circuit court, relying on *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998), and *Fowler v. Fowler*, 984 S.W.2d 508 (Mo. banc 1999), held that section 454.490, RSMo 2000, is unconstitutional because it allows such administrative orders to be entered with "all the force, effect, and attributes of a docketed order or decree of the circuit court," but without the involvement of a judge of the circuit court. Because this Court determines that no final judgment was entered, the Court has no jurisdiction, and the appeal is dismissed.

## A.

The case arose as a consequence of the 1992 divorce of Sherry Watson and Robert Lee Watson and the appointment of Robin Laurette Hilburn as guardian of the Watsons' three children. In 1995, Hilburn began proceedings to obtain child support, and by April 2000, the case was being prosecuted by the DCSE, which issued and served a "Notice and Finding of Financial Responsibility" on respondent Sherry Staeden (formerly Sherry Watson), alleging that she owed $343 per month in child support and a duty to provide health insurance as well. To contest the matter, respondent requested a hearing as provided by section 454.475, RSMo 1986, and in September of 2000, a hearing was conducted by an administrative hearing officer employed by the Division of Legal Services of the Department of Social Services and designated by the department director to conduct such hearings. On October 26, 2000, the administrative hearing officer issued a "Judgment and Order" awarding Hilburn the amounts DCSE alleged were due under the earlier notice and finding of financial responsibility. On the basis of the "Judgment and Order," the DCSE then issued an "Income Withholding Order" that required respondent's employer to pay the amounts due from respondent's earnings.

Thereafter, on November 13, 2000, respondent filed in the circuit court a "Petition for Judicial Review of Administrative Child Support Order" (count I), and for "Related Injunctive Relief" (count II), and an "Application for Temporary Restraining Order and Preliminary Injunction and Notice." That day, the circuit court issued a TRO and "Notice of Hearing for Preliminary Injunction," as requested, that remained in effect until December 18, 2000, when the court, pursuant to a stipulation between respondent and the DCSE, entered an order staying enforcement of the judgment until the case could be decided on the merits.

Respondent then filed a motion for summary judgment on count I of the petition. Although respondent alleged in her petition fourteen different grounds on which

the administrative judgment and order of child support should be set aside, the summary judgment motion focused solely on a constitutional challenge to section 454.490—that the administrative hearing officer's "Judgment and Order" was not signed by a judge of the circuit court and, thus, was "void *ab initio*."

On February 27, 2001, the circuit court filed an "Order" with findings of fact and conclusions of law in full agreement with respondent's contention that the statute was unconstitutional. The order also vacated the administrative hearing officer's judgment and order as prayed for in count I, but did not address the permanent injunction prayed for in count II. In conclusion, the "Order" stated: "This shall be considered a final judgment for all purposes of appeal." On March 19, 2001, the Attorney General filed a notice of appeal. However, on March 27, 2001, after correspondence between the attorneys and the circuit court regarding the issue of finality of judgments for purposes of appeal, the circuit court filed an "Amended Order" that tracked the earlier order but deleted the sentence stating that the judgment was final for purposes of appeal. In addition, the court's docket entry on that date states: "Court enters Amended Order deleting reference to finality for purposes of appeal as all issues in the case have not been resoleaed (sic), a challenge to this court's order should be in the form of a writ and not an appeal."

### B.

■ A prerequisite to appellate review and to appellate jurisdiction is that there be a final judgment. Sec. 512.020, RSMo 2000; *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000). Respondent Staeden alleges that this Court does not have jurisdiction because the circuit court's order setting aside DCSE's October 26, 2000, "Judgment and Order" awarding child support did not dispose of all claims in respondent's "Petition for Judicial Review and for Related Injunctive Relief." In particular, respondent argues that the order disposed of only one or two of the "claims" set out in count I and failed to grant or deny respondent's prayer for a permanent injunction in count II and, thus, was not a final judgment. Although we agree with respondent that there is no final judgment, we disagree with the rationale.

■ Rule 74.01 delineates the requirements for a final judgment. In pertinent part, subsection (a) states: " 'Judgment,' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. . . . " Under this rule, the circuit court did not enter a judgment subject to appeal because the court's "Order" is not denominated a "Judgment." The Attorney General attempts to avoid this result by contending that the order of February 26—with its notation that "This shall be considered a final judgment for all purposes of appeal"—controls, and that the March 23 amended order is a "nullity," though there is no citation to authority in support. To the contrary, Rule 75.01 gives trial courts "control over judgments during the thirty-day period after entry of judgment" and allows a court to "modify judgments within that time." Therefore, even if the February 26 order had been denominated a "Judgment," the judgment was effectively withdrawn on March 23.

■ It is unclear why the circuit court was unwilling to denominate the "Order" a "Judgment" given the language of the amended order in which the court reiterates its determination that the statute in question is unconstitutional and orders that the "Judgment and Order" of the administrative hearing officer is vacated.

It may be that the court wishes to consider one or more of the several alternative grounds for relief on count I before issuing the judgment. On the other hand, nothing prevents the court from issuing the judgment on the grounds stated in the order because 1) all the relief prayed for—to "reverse the decision ordering [respondent] to pay child support and hold same for naught"—would be granted, and 2) the injunctive relief prayed for in count II, if not superfluous and moot, would necessarily follow.[1]

■ There appears to be some confusion on the matter in view of respondent's argument that no final judgment can be entered without a resolution of all the other "claims" presented in count I and the court's docket entry stating that "As all issues in the case have not been resolved, a challenge to this court's order should be in the form of a writ and not an appeal." Although there are indeed several alternative claims or grounds for relief in count I that have not been addressed, the fact that the court has determined that all relief requested can be granted on the basis of one of those grounds for relief is sufficient to dispose of both counts for purposes of a final judgment. *See Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995) ("[I]f the order disposed of one claim for relief, the order is a final judgment....."). In contrast, if a court grants only one of several remedies prayed for that pertain to a single claim, the claim is not a final judgment. *Id. See also Committee for Educ. Equality v. State*, 878 S.W.2d 446 (Mo. banc 1994). In addition, the denial (as opposed to the grant) of one of several grounds for relief pertaining to the same prayer for relief cannot constitute a final judgment, even in the context of a Rule 74.01(b) certification "that there is no just reason for delay [of the appeal]," because relief may still be granted on one of the remaining grounds. *See Gibson v. Brewer*, 952 S.W.2d 239 (Mo. banc 1997).

■ Finally, to the extent the circuit court suggests issuance of a writ would be appropriate, suffice it to say that a writ will not issue in a case where a direct appeal is available, *State ex rel. K–Mart Corp. v. Holliger*, 986 S.W.2d 165, 169 (Mo. banc 1999), and a direct appeal will indeed be available in this case whenever the circuit court enters a final judgment.

Because at this point in the case there is no final judgment, the appeal must be dismissed.

All concur.

---

1. Although respondent also prays for an award of reasonable attorneys fees, under section 536.087.4, RSMo 2000, "no decision on the application for fees and other expenses ... shall be made under this section until a final and unreviewable decision is rendered by the court on the appeal...." The court's decision cannot be "unreviewable" until after an appeal on the merits of the underlying claim to an appellate court. Thus, the pendency of the application for attorneys fees does not prevent entry of a final judgment.