Daniel J. HYLTON, a/k/a Danny Hylton, and Birgit E. Hylton, Plaintiffs–Respondents,

v.

Steven STANDLEY and Christine Standley, individually, d/b/a Standley Construction and Standley Construction, Inc., et al, Defendants–Appellants.

No. 25339.

Missouri Court of Appeals, Southern District, Division One.

Aug. 25, 2003.

Gary Ratzlaff, Lamar, for appellant.

Scott Tompsett, Blakely Pryor, Stinson, Morrison, Hecker, L.L.P., Kansas City, for respondent.

PHILLIP R. GARRISON, Judge.

This appeal stems from the trial court's dismissal of a claim for a mechanic's lien. Because we determine that we lack appellate jurisdiction, the appeal is dismissed.

Daniel J. Hylton ("Hylton") entered into a contract with Standley Construction, Inc. on January 27, 2000 whereby Standley agreed to construct a large dairy facility on a cost plus basis with a cap of $2,500,000. The contract also provided for compensation for extra work not covered by the plans and specifications for the project.

On February 23, 2001, Hylton filed suit against Steven Standley, individually and d/b/a Standley Construction, and Standley Construction, Inc. (collectively referred to as "Standley") for breach of contract, alleging that Standley, after being paid $2,455,201.30, abandoned the project with substantial portions of it incomplete. Hylton's wife, Birgit, and Standley's wife, Christine, were added as parties, as was Firstar Bank, N.A., now U.S. Bank, N.A. ("U.S. Bank"), and Mercantile Bank. A number of separate but related mechanic's lien cases also were consolidated with Hylton's suit.

Standley filed a counterclaim, which was later amended. The amended counterclaim contained four counts, all but one of which involved Standley's claim against Hylton for $622,365.18. Standley claimed that the original plans for the construction project to be built pursuant to the contract with Hylton were incomplete and incorrect, resulting in significant changes to the details of the project. According to Standley, those changes, approved by Hylton, resulted in costs of $622,365.18 more than had been paid. Count I of the counterclaim was for breach of contract, Count II was for unjust enrichment, and Count IV sought a judgment and mechanic's lien. All three of those counts sought a judgment against Hylton for $622,365.18.[1]

Hylton filed a motion for judgment on the pleadings as to Count IV of Standley's amended counterclaim or, alternatively, to dismiss that count. A similar motion was filed by Firstar and Mercantile, (collectively, "Firstar"). Both motions relied on Standley's failure to allege compliance with § 429.012,[2] which requires as a condition precedent to the creation, existence or validity of a mechanic's lien in favor of an original contractor, that a notice, specified in that section, be given by the contractor to a property owner at any of four specified times before receiving payment in any form. The trial court entered its judgment dismissing Count IV of Standley's counterclaim. Standley appeals, raising issues concerning the trial court's conclusion that it did not state a cause of action for a mechanic's lien in Count IV of the counterclaim, whether the trial court erred in holding that it did not have jurisdiction to consider Standley's motion to file another amended counterclaim, and the dismissal of Count IV with prejudice.

▆▆ Before we consider the merits of this appeal, it is necessary that we consider *sua sponte* whether there is a final appealable judgment and, consequently, whether we have jurisdiction. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995). A prerequisite to appellate review is that there be a final judgment. *Id.* If the judgment appealed from is not a final judgment, we lack jurisdiction and the appeal must be dismissed. *Id.*

▆▆ A final, appealable judgment disposes of all issues and all parties in the case leaving nothing for future determination. *Concepts Communication Mgmt. Corp. v. Newhard Cook & Co., Inc.*, 829 S.W.2d 554, 555–56 (Mo.App. E.D.1992). Rule 74.01(b),[3] however, permits the trial court to enter judgment on a single claim and to certify its judgment as appealable when multiple claims are asserted in a

---

**1.** Count III prayed for a judgment for $26,000 for the wrongful taking and retention of some of Standley's construction equipment causing it to suffer a loss of income.

**2.** All references to statutes are to RSMo (2000) unless otherwise indicated.

**3.** All references to rules are to Missouri Rules of Civil Procedure (2002) unless otherwise indicated.

single case "upon an express determination that there is no just reason for delay." *See Albright v. Kelley,* 926 S.W.2d 207, 209 (Mo.App. S.D.1996). In the instant case, the trial court entered, as a part of its judgment, an order saying that there was no just reason for delay. Such a determination by the trial court is not, however, conclusive. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). Rather, it is the content, substance, and effect of the order that determines finality and appealability. *Id.*

A Rule 74.01(b) designation that "there is no just reason for delay" is effective only when the order disposes of a distinct "judicial unit." *Id.* "The required 'judicial unit for an appeal' has a settled meaning: 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.'" *Id.* (quoting *State ex rel. State Hwy. Comm'n v. Smith,* 303 S.W.2d 120, 123 (Mo.1957)). "An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation." *Id.* In *Boley,* our supreme court said a judgment that resolves fewer than all legal issues as to any single claim for relief is not final notwithstanding the trial judge's designation as such. *Id.* at 88

(citing *Committee For Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo.banc 1994)). "Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Id.* See also *Asbury v. Crawford Electric Co-op., Inc.,* 9 S.W.3d 774, 777 (Mo.App. S.D. 2000).

A mechanic's lien is simply a method of collecting a debt. *Sachs Elec. Co. v. HS Const. Co.,* 86 S.W.3d 445, 456 (Mo. App. E.D.2002); *State ex rel. Power Process v. Dalton,* 681 S.W.2d 514, 517 (Mo. App. E.D.1984); *R.J. Stephens, Drywall v. Taylor–Morley–Simon,* 628 S.W.2d 374, 376 (Mo.App. E.D.1982). The debt that is the basis for the mechanic's lien claim in this case is the same debt forming the basis for the theories of recovery in Counts I and II of the amended counterclaim. Accordingly, the judgment appealed from in this case is not a final judgment over which we have jurisdiction. The appeal is dismissed.

MONTGOMERY, P.J., and BARNEY, J., concur.