

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| COREY CARTER . | ) | No. ED101969 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| SHELTER MUTUAL INSURANCE | ) | Honorable Gloria Clark Reno |
| COMPANY, | ) | |
| | ) | |
| Defendant/Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEANDREIS DOWELL, | ) | |
| | ) | |
| Defendant. | ) | FILED: March 31, 2015 |

## I. Background

Driver was involved in an automobile accident with Deandreis Dowell ("Dowell") on April 4, 2012. Driver was driving a 2002 Chevrolet Impala, which was titled in his mother's name, Pam Carter, and which was insured by Shelter under Policy No. 24-1-3761928-1 ("the Impala Policy"). Driver's mother also owned a Pontiac Torrent, which was jointly titled in both Driver's and his mother's names, and which was insured by a separate insurance policy with Shelter ("the Torrent Policy"). Both policies contained identical uninsured motorist coverage language.

Driver sustained substantial injuries from the accident, and on May 17, 2012, he filed a lawsuit against Shelter and Dowell. Shelter filed a motion for summary judgment regarding the issue of uninsured motorist coverage available to Driver. The trial court denied Shelter's motion for summary judgment on November 19, 2013, and then granted Shelter's Consent Motion to Designate Order as Judgment and Certify Judgment as Final on July 31, 2014. This appeal follows.

## II. Discussion

Shelter raises two points on appeal. First, Shelter claims the trial court erred in denying Shelter's motion for summary judgment because Driver should have been entitled to only $25,000 in uninsured motor vehicle liability coverage. Shelter argues that Driver does not fall into the "Category A" insured under either of his policies with Shelter, and therefore he must fall under "Category B," which would entitle him to only $25,000 in uninsured motor vehicle liability coverage.

In Shelter's second and final point, it claims the trial court erred in finding that Driver is entitled to $100,000 in uninsured motor vehicle coverage because the trial court did not have the authority to make such a determination. Shelter argues that because Driver never filed a cross-motion for summary judgment, the trial court's granting of summary judgment in favor of Driver was invalid.

However, we will not reach Shelter's arguments as we do not have authority to resolve this appeal. "A prerequisite to appellate review is that there be a final judgment." Boley v. Knowles, 905 S.W.2d 86, 88 (Mo. banc 1995), citing Section 512.020, RSMo (2004). If the trial court order was not a final judgment, we lack authority and the appeal must be dismissed. Boley, 905 S.W.2d at 88. Normally an appealable judgment will dispose of all issues in a case, leaving

nothing for further determination.  Id.  If a case has multiple claims, Rule 74.01(b) provides an exception to this "finality rule" by allowing the trial court to enter judgment on less than all the claims and certify there is "'no just reason for delay.'"  Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997), quoting Boley, 905 S.W.2d at 88.

For a trial court to designate its judgment as final pertaining to certain claims, the order must dispose of a distinct judicial unit.  Gibson, 952 S.W.2d at 244.  A distinct judicial unit for an appeal is defined as "'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.'"  Id., quoting State ex rel. State Hwy. Comm'n v. Smith, 303 S.W.2d 120, 123 (Mo. 1957).  If the judgment does not dispose of at least one claim raised in the petition, then certification under Rule 74.01(b) is improper and we do not have jurisdiction to resolve the appeal.  Dreppard v. Dreppard, 211 S.W.3d 620, 623 (Mo. App. E.D. 2007).

The November 2013 order reads as follows:  "[Shelter and Driver] appear through counsel.  [Shelter's] Motion for Summary Judgment is argued and submitted.  The court hereby finds that [Driver] is entitled to $50,000 of uninsured motorist coverage under both policies and [Shelter's] Motion for Partial Summary Judgment is denied."  The trial court later granted Shelter's Consent Motion to Designate Order as Judgment and Certify Judgment as Final on July 31, 2014, in an attempt to make the order appealable.  However, this order still does not resolve any distinct judicial unit.

The November 2013 order denied Shelter's motion for summary judgment, but otherwise did not enter a judgment on any count of Driver's petition.[1]  The order stated that Driver was entitled to $50,000 of uninsured motorist coverage under both Shelter policies, but the trial court

---

[1] Generally, denial of a summary judgment motion is not a final appealable order.  Little v. McSwain, 400 S.W.3d 461, 462 (Mo. App. E.D. 2013).

3

did not find that Dowell, the other driver, was in fact an uninsured motorist liable for damages to Driver. Without this finding, the order does not resolve any distinct judicial unit and therefore is not a final judgment able to be appealed.

Driver attempts to characterize the trial court's order as a consent judgment, representative of a settlement agreement between the parties. However, there is no evidence of any kind of settlement agreement in the record. Shelter attempted to consent to having the trial court designate the order as a final judgment for purposes of appeal; Shelter did not consent to the trial court's determination that it owed Driver $100,000 in uninsured motorist coverage under the two policies. Because the trial court's order did not dispose of any distinct judicial unit, it is not a final, appealable judgment and must be dismissed.

### III. Conclusion

We dismiss this appeal and remand to the trial court for proper determination of Driver's claims.

 

_____
ROY L. RICHTER, Judge

Patricia L. Cohen, P.J., concurs
Robert M. Clayton III, J., concurs