

# SUPREME COURT OF MISSOURI
## en banc

CATHARINE SUE CARTER as
PERSONAL REPRESENTATIVE of
the ESTATE OF DAVID CARTER
(DECEASED),

        Appellant-Respondent,

v.

MISSOURI DEPARTMENT OF
CORRECTIONS,

        Respondent-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Opinion issued August 12, 2025, and modified on the Court's own motion September 9, 2025*

No. SC100999

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable Marty W. Seaton, Judge

The personal representative of the estate of David Carter and the Missouri Department of Corrections ("the department") both appeal the circuit court's judgment following a jury verdict in Carter's favor on his discrimination claims against the department. Carter argues the circuit court's amended judgment, reducing the damages pursuant to the damages cap in section 213.111.4, must be vacated as void. Alternatively, Carter argues the damages cap is unconstitutional in that it violates various

constitutional provisions.[1]  The department argues Carter failed to make a submissible

case for discrimination and the circuit court erred in applying a multiplier to its award of

attorney fees.  Finding the judgment is not final because it fails to rule on Carter's

requested equitable relief and request for prejudgment interest, however, this Court

dismisses the appeal.

## Factual and Procedural Background

The evidence, viewed in the light most favorable to the jury verdict, demonstrates

Carter began working for the department in May 2017, when he was 61 years old.  In

2018, Carter was diagnosed with shingles.  Carter's supervisor repeatedly made

disparaging comments about Carter to other employees and in front of inmates.  The

supervisor specifically targeted comments regarding Carter's shingles and age and

prevented Carter from accessing the tools and training required to perform his duties.

The varying forms of harassment exacerbated Carter's shingles, resulting in increased

pain and difficulty walking, standing, and lifting objects.

Carter resigned in May 2019 and filed a petition alleging violations of the

Missouri Human Rights Act ("the act"), including constructive discharge based on age

and disability discrimination, hostile work environment, and retaliation.  Each of Carter's

counts in his petition includes the following prayer for relief:

> WHEREFORE, Plaintiff prays for Judgment against Defendant, finding the
> acts and practices of the Defendant violated MO. REV. STAT. § 213.010 et
> seq., (2016); for actual, compensatory, and punitive damages; all costs,

---

[1] Carter specifically argues the damages cap violates Carter's right to a jury trial, equal
protection, due process, the mandate for the separation of powers, and the open court
provision of the state constitution.

expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position he would have been absent the illegal discrimination and/or front-pay; and for such other and further relief as the Court deems just and proper.

After trial, a jury returned a verdict in Carter's favor, awarding him $500,000 for non-economic damages for hostile work environment, $144,000 for back pay on his constructive discharge claims, $144,000 for future economic losses on his constructive discharge claims, and $5 million in punitive damages. In December 2022, the circuit court entered a judgment on the jury verdict for total damages of $5,788 million. In July 2023, the circuit court entered a separate judgment addressing Carter's attorney fees and reiterated the December judgment awarding Carter $5,788 million in actual and punitive damages. The circuit court amended the judgment in August 2023, to reduce the damages award to $644,000 and, again two days later, to cite the act's damages cap.

The circuit court's judgment includes awards of actual, compensatory, and punitive damages, attorney fees, costs, expenses, and post-judgment interest. The judgment is silent, however, regarding prejudgment interest and appropriate equitable relief.[2]

**Analysis**

---

[2] The judgment also fails to include a catch-all statement, such as: "All other relief requested is denied."

3

The circuit court failed to rule on the prejudgment interest and equitable relief Carter requested.[3] As a result, the appeal must be dismissed for lack of a final judgment. *Rhodes v. Mo. Highways & Transp. Comm'n*, No. SC100998, ___ S.W.3d ____ (Mo. banc August 12, 2025) (handed down herewith).

_____
KELLY C. BRONIEC, JUDGE

All concur.

---

[3] During oral argument, the parties suggested the judgment is final because the jury decided front pay as part of Carter's request for future damages. Even assuming this occurred, which the Court does not decide, the judgment wholly fails to address the disposition of Carter's request for front pay and, therefore, is not final. The same applies as to Carter's request for prejudgment interest. It is of no consequence that Carter died during the pendency of the appeal and his wife has been appointed as his personal representative and substituted as the named plaintiff in the case. Because no purported judgment disposed of Carter's requests for prejudgment interest and front pay, there is no final judgment. Even when no party questions the appealability of a circuit court's order, "[t]his Court is nevertheless required to determine whether it has jurisdiction to hear the appeal. A prerequisite to appellate review is that there be a final judgment. If the order of the trial court was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed." *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995) (internal citations and quotations omitted); section 512.020(5).