744 So.2d 1261 (1999)
Robert A. CAMPBELL and Janet Campbell, Individually, and Robert A. Campbell, as legal guardian of Lana Campbell, Appellants,
v.
Phillip TURNER, Appellee.
No. 98-2268.
District Court of Appeal of Florida, First District.
December 1, 1999.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola; Robert J. Mayes, Gulf Breeze; and Martin H. Levin of Levin, Middlebrooks, Thomas, Mitchell, Green, Echsner, Proctor & Papantonio, P.A., Pensacola, for Appellants.
*1262 Donald H. Partington of Clark Partington Hart Larry Bond Stackhouse & Stone, Pensacola, for Appellee.
ERVIN, J.
Appellants, Janet Campbell and Robert Campbell, individually and as guardian of his daughter, Lana Campbell, appeal an order denying their claim for post-judgment interest against appellee, Phillip Turner. Contrary to appellants' contention, Turner's insurance policy did not require an unconditional offer to pay the policy limits in order to terminate his duty to pay post-judgment interest; therefore, we affirm.
Lana Campbell suffered catastrophic injuries in an auto accident caused by Turner, who was insured for bodily injury liability by Florida Farm Bureau (FFB) with policy limits of $10,000 per person and $20,000 per accident. Turner's policy contains a supplementary payments provision which provides:
In addition to our limit of liability, we will pay on behalf of an "insured":
* * *
3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

(Emphasis added.)
On three occasions, July 10, 1990, January 24, 1991, and September 1, 1995, Turner offered to settle the Campbells' lawsuit for the $10,000 policy limit in exchange for a complete release from liability, each of which the Campbells declined. On October 28, 1997, a verdict was returned against Turner for $22,142,846. Three months after the final judgment was entered, FFB sent the Campbells $10,000 in partial satisfaction of the judgment. After negotiation, the parties stipulated to an amended judgment of $9,990,000, with Turner agreeing to forgo an appeal of all issues other than that at bar, and to withdraw post-judgment motions. Turner agreed to file a bad-faith excess judgment suit against FFB and to assign the proceeds to the Campbells.
The only dispute that remained was whether FFB was obligated to pay post-judgment interest under the supplementary payments provision quoted above. The parties agreed that the accrued interest on the judgment was $250,000. FFB claimed that its repeated offers to pay the Campbells the policy limits in exchange for an unconditional release of Turner terminated its duty to pay. See Overbeek v. Heimbecker, 101 F.3d 1225 (7th Cir.1996) (conditional offer to settle for policy limits terminated insurer's obligation to pay interest on the judgment); State Farm Mut. Auto. Ins. Co. v. Crane, 217 Cal.App.3d 1127, 266 Cal.Rptr. 422 (1990) (conditional offer to settle for policy limits terminated obligation to pay pre-judgment interest, when an offer conditioned on settlement was the only kind of pre-judgment offer allowed by the policy). The Campbells replied that an offer must be unconditional and must be made after a judgment is entered. See Safeway Ins. Co. of Ala. v. Amerisure Ins. Co., 707 So.2d 218 (Ala.1997) (offers to pay the policy limits conditioned on release of insureds from all other liability did not constitute "offer of policy limits," but were instead offers of substantially less than the policy limits). The trial court ruled for FFB, finding that the term "offer," under the supplementary payments provision, did not require an unconditional offer to pay the policy limits. Nor was FFB required to have made the offer after the court rendered the final judgment. We agree.
There is no statute requiring insurers to pay post-judgment interest; hence, the terms of the policy define the obligation. Highway Cas. Co. v. Johnston, 104 So.2d 734 (Fla.1958). Previous cases in Florida have addressed supplementary payment provisions that forced an insurer to pay post-judgment interest until it "paid, tendered or deposited" the policy limits. See, *1263 e.g., Keanie v. Goldy, 698 So.2d 1264, 1267 (Fla. 5th DCA 1997); Aetna Cas. & Sur. Co. v. Protective Nat'l Ins. Co. of Omaha, 631 So.2d 305, 309 (Fla. 3d DCA 1993) (on reh'g). The provision at issue in this case requires only an "offer" to terminate the duty to pay, rather than a "tender."
The Federal Court for the Southern District of Florida discussed the distinction between "offer" and "tender" in Calder Race Course, Inc. v. Illinois Union Ins. Co., 714 F.Supp. 1183 (S.D.Fla. 1989), which involved a policy requiring the insurer to pay post-judgment interest until the insurer "paid or tendered or deposited in court" the policy limits. Illinois Union, Calder's primary insurer, offered to settle an action for Calder's $500,000 policy limits, but did not tender the amount. Calder's excess insurer appealed the $10 million verdict, but the judgment was ultimately affirmed. Illinois Union claimed that it had nevertheless stopped the accrual of post-judgment interest by offering the plaintiff the policy limits, but the court disagreed, because the policy required a tender of policy limits. The court explained that under Florida and federal case law, a tender must be unconditional, and it must be accompanied by the money amount, thus Illinois Union's mere offer to pay was not sufficient. Id. at 1188-89.
The court's distinction between offer and tender is recognized in Black's Law Dictionary, where the first definition of "tender" describes it as "[a]n unconditional offer of money or performance to satisfy a debt or obligation." The second definition provides that it is "[s]omething unconditionally offered to satisfy a debt or obligation." Not until the fourth definition is "tender" defined merely as "[a]n offer or bid put forward for acceptance." Black's Law Dictionary 1479-80 (7th ed.1999). On the other hand, an "offer" is first defined as "The act or an instance of presenting something for acceptance." Id. at 1111.
In the case at bar, the policy required only that FFB "offer to pay" the policy limits. We adhere to the distinction between "offer" and "tender," as set forth in Calder; consequently, Turner's offers to settle for the policy limits relieved FFB from any further obligation to pay post-judgment interest. Finally, the policy language does not require that an offer be made post-judgment.
AFFIRMED.
LAWRENCE and PADOVANO, JJ., CONCUR.