Mary ASBURY, Plaintiff–Appellant,

v.

CRAWFORD ELECTRIC COOPERATIVE, INC., Defendant/Third–Party Plaintiff–Respondent,

Oak Crest Enterprises, Inc., Third–Party Defendant–Respondent.

No. 22630.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 2000.

John L. Woodward and Stephen K. Paulus, Woodward, Evans and Paulus, L.L.C., Cuba, for Appellant.

George M. Johnson, Andereck, Evans, Milne, Peace & Baumhoer, L.L.C., Springfield, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Mary Asbury ("Plaintiff") appeals from a judgment entered after trial by the court in a suit she brought against Crawford Electric Cooperative, Inc. (the "Coop"). The suit involved her attempt to obtain electric service for property she owned in Crawford County.

Plaintiff purchased Lot 23 of the Black Briar Hill Subdivision on September 1, 1995. The property consists of a lot with a house, access to which is provided by a road through or adjacent to land owned by Ronald Starbeck ("Starbeck"), Oak Crest Enterprises, Inc. ("Oak Crest"), and several other people who owned property between Plaintiff's land and the nearest location of the Coop's lines. There was no electrical service to the property when Plaintiff purchased it, and she applied to the Coop for electrical service on the same day she purchased the property.[1] In doing so, she signed an "Application for Membership and Service Contract" ("Application"), which provided, inter alia, that Plaintiff "must furnish without cost to the [Coop] the necessary permits, easement,

---

1. The Coop is a rural electric cooperative pursuant to Chapter 394 et seq., RSMo 1994, and supplies electricity to the area where the subject property is located.

or right of way for the construction and operation of the service extension." At the same time she signed the Application, Plaintiff signed an easement in favor of the Coop giving it the right to place, construct, operate, repair and maintain an electric transmission or distribution line on her property to be used to furnish electricity to that property.

The Coop informed Plaintiff that several easements would be required in order for it to provide electricity to her property. Plaintiff was able to obtain all necessary easements in favor of the Coop except from two of the intervening owners; Starbeck and Oak Crest. At some point, Plaintiff discussed with the Coop's representative about building the electric line along the road to her property through the land owned by the intervening owners who had not granted easements for the line. She was subsequently informed by the Coop that that was not possible, apparently because the Coop had no right to build on that easement.

Later, Plaintiff met with Jerry Wellington ("Wellington"), the Coop's operations manager, who had authority to make decisions regarding establishing service to new members. She informed him that the telephone company was burying its cable adjacent to the roadway to her property, and inquired if the Coop could do the same with its line. We gather that the Coop determined that for $1,000 Starbeck would be willing to sign an easement to the Coop. Plaintiff was told that if she would pay for the easement to Starbeck, and would pay $6 per foot for burying the line along the road adjacent to the Oak Crest property, the Coop would provide electricity to her property. On November 21, 1995, Starbeck signed an easement in favor of the Coop, reciting that the consideration was $1,000 paid by Plaintiff. This apparently occurred at a meeting attended by Starbeck, Plaintiff, a friend of Plaintiff's, Wellington, and a member of the Coop's engineering department. A week later, however, Plaintiff was contacted by Wellington and told that the Coop was not going to provide electrical service to her property. This determination apparently was made by the Coop's manager, Larry Austin, when he learned of the arrangement between Plaintiff and Wellington, and realized that the road in question was not a public road, and that the easement for that way was private and did not provide for the installation of electrical facilities.

Plaintiff's suit against the Coop was in three counts: count one was for breach of contract based on the agreement to provide electrical service if she would pay Starbeck $1,000 for an easement through his property; count two was in tort based on an alleged statutory duty to provide electrical service pursuant to § 393.130;[2] and count three was for fraudulent misrepresentation based on the representation that the Coop would provide electrical service if she paid Starbeck $1,000 for the easement across his property. The Coop denied that there was an agreement to provide Plaintiff with electrical service if she paid Starbeck $1,000; it alleged that Plaintiff was contractually bound to obtain all necessary easements to run electricity to her property and that she failed to do so; and it alleged that it had offered to reimburse Plaintiff for the $1,000 she paid to Starbeck. The Coop also filed a counterclaim seeking a declaratory judgment, and a third-party petition against Oak Crest seeking to condemn an easement across its property at the expense of Plaintiff, alleging that pursuant to her application for membership, she agreed to furnish without cost to the Coop the necessary easement for the construction and operation of the electrical service to her property. The counterclaim for a declaratory judgment was subsequently dismissed by the Coop. After a trial to the court, a judgment was entered ordering the Coop

---

**2.** All statutory references are to RSMo 1994 and all rule references are to Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

to pay Plaintiff $1,000 after finding that the Coop's attorneys had conceded in court that Plaintiff was entitled to recover that amount, and it found "for [the Coop] on all other issues of damage." The court also found, pursuant to Rule 74.01(b), that the judgment was final and that there was no just reason for delay. This appeal followed.

■ Even though neither party raises an issue about the completeness of the judgment in this case, we are required to examine the record to ascertain, *sua sponte*, if the jurisdictional prerequisite of a final judgment has been met. *Watson v. Moore*, 983 S.W.2d 208, 209 (Mo.App. S.D. 1999). To constitute an appealable judgment, a judgment must dispose of all issues in a case and leave nothing for future determination. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).

■ Rule 74.01(b) provides an exception to the requirement that a final judgment must dispose of all issues for cases with multiple claims. *Id.* That rule permits the trial court to enter a judgment on less than all claims and certify that there is "no just reason for delay." That determination by the trial court is not conclusive, however. *Id.* "It is the content, substance, and effect of the order that determines finality and appealability." *Id.* The appellate court must still decide if the partial judgment actually qualifies as a final judgment. *Clay County v. Harley and Susie Bogue, Inc.*, 988 S.W.2d 102, 108 (Mo.App. W.D.1999).

■ "Although a circuit court may designate its judgment final as to particular claims, this designation is effective only when the order disposes of a distinct 'judicial unit.'" *Gibson*, 952 S.W.2d at 244. "The required 'judicial unit for an appeal' has a settled meaning: 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.'" *Id.* It is differing, separate, distinct transactions or occur-rences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim. *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597, 600 (1953). The minimum unit of disposition is at least one claim. *Committee For Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo.banc 1994). "A judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final notwithstanding the trial judge's designation as such. Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Id.* If a judgment disposes of "one claim for relief," it is a final judgment, but if it merely disposes of a remedy, it is not a final judgment and the appellate court lacks jurisdiction to entertain an appeal. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo.banc 1995).

In this case, Plaintiff's suit was in three counts. The first count was for breach of contract based on the alleged agreement to provide her electrical services upon her payment of $1,000 to Starbeck, and her agreement to pay the Coop $6 per foot for burying its lines adjacent to the Oak Crest property. In that count, Plaintiff sought both damages and specific performance of the contract. Count two was in tort for damages based on an alleged duty of the Coop to furnish electrical services to all persons located within the service area pursuant to § 393.130. The relief sought was actual and exemplary damages. The final count was in tort for fraudulent mis-representation based on the Coop's assur-ance to Plaintiff that if she paid Starbeck $1,000 it would furnish electrical service to her property, which she pleads was false. She sought actual and exemplary damages in that count.

The trial court's judgment, in addition to finding, pursuant to Rule 74.01(b) that the judgment was final for the purposes of appeal and that there was no just reason for any delay, stated:

1. The Court finds for [the Coop] on the issue of summary judgment and overrules Plaintiff's request for summary judgment.
2. The Court finds that [the Coop], by its attorneys, has conceded in Court that Plaintiff is entitled to the recovery of $1,000.00 (One Thousand Dollars) provided summary judgment is not ordered. Therefore, the Court orders the payment of $1,000.00 (One Thousand Dollars) to Plaintiff from [the Coop].
3. The Court finds for [the Coop] on all other issues of damage. No statutory requirement exists that would require [the Coop] to provide service to [Plaintiff].

Initially, we note that we find no reference in the record on appeal to a motion for summary judgment by any party. Likewise, Plaintiff's claims did not include a request for a return of the $1,000 paid to Starbeck, which is apparently what the trial court was referring to in entering a judgment in that amount in favor of Plaintiff. Finally, the finding that no statutory requirement exists requiring the Coop to provide service to Plaintiff could only relate to her second count, which was based on that theory. If the finding for the Coop on "all other issues of damage" was based on the theory of no statutory requirement to provide service, that would leave counts one and three unresolved. Even if the finding for the Coop on "all other issues of damage" was intended to apply to all counts, it left unresolved Plaintiff's claim in count one for specific performance.

Accordingly, as between the parties to this appeal, Plaintiff and the Coop, the judgment resolved fewer than all legal issues as to Plaintiff's claim, and may not be separately appealed even though the trial court made a finding of no just reason for delay pursuant to Rule 74.01(b). Therefore, the appeal must be dismissed.

PREWITT, J., and BARNEY, J., concur.