**BUSH CONSTRUCTION MACHINERY, INC.,**
Appellant,

v.

**KANSAS CITY FACTORY OUTLETS, L.L.C., Stahl Construction Company, Heartland Corporation, Michigan National Bank and Michael G. O'Flaherty, Trustee for Michigan National Bank, Respondents.**

**No. WD 58616.**

Missouri Court of Appeals, Western District.

Feb. 20, 2001.

Thomas D. Rodenberg, Kansas City, for Appellant.

Gary V. Fulghum, Kansas City, for Respondents.

Before ELLIS, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

LOWENSTEIN, Judge

Bush Construction Machinery, Inc. (Bush) appeals from the circuit court's judgment dismissing its petition, which included a count for enforcement of a mechanic's lien against property in Odessa owned by the Kansas City Factory Outlets, L.L.C. (KCFO), for the nonpayment of equipment rental fees to which Bush claims were owed to it. This court finds that the trial court's judgment is not final because it did not address the other count of the petition for quantum meruit, or make an express determination that there was no reason for just delay under Rule 74.01(b). The appeal is dismissed for lack of jurisdiction.

## Factual and Procedural History

Respondent Stahl Construction Company (Stahl) was the general contractor for KCFO on the construction of an outlet mall in Odessa. Stahl subcontracted with Heartland Corporation (Heartland), also a respondent, to do the excavation work on the project. In May 1995, Heartland leased a "loader" and a "scraper" from Bush to perform some of the excavation work on the project.

On January 25, 1996, Bush filed a statement of mechanic's lien claiming that it had not been paid $30,434.39 it was owed for the equipment rental. In July 1996, Bush filed this petition in circuit court naming KCFO, Stahl, Heartland, Michigan National Bank, and Michael G. O'Flaherty, Trustee for Michigan National Bank, as defendants. Bush sought to foreclose its mechanic's lien in the first count of the petition, and asserted a claim of quantum meruit against KCFO and Stahl in the second count of the petition. The controversy on the mechanic's lien count centered on whether the equipment was even used on the Odessa site and, in particular, whether the machines were used six months prior to the filing of the lien. Bush found one piece of the equipment at another site in August 1995, well after the lease period had expired. Section 429.080, RSMo1994, requires a lien such as this one to be filed within six months from the date the indebtedness has accrued. After a trial, the circuit court issued a judgment, stating, in pertinent part:

NOW ON THIS 10th day of April 2000, the Court being fully advised herein finds that Plaintiff has failed to demonstrate its equipment was used on the real estate owned by Defendant Kansas City Factory Outlets, L.L.C., within six months of the date of filing of Plaintiff's Mechanic's Lien Statement.

IT IS THEREFORE THE ORDER AND JUDGMENT OF THE COURT that Plaintiff's Petition for Enforcement of Mechanic's Lien be and is hereby dismissed with costs assessed against Plaintiff.

There is nothing to indicate the quantum meruit count was ever dismissed.

■■■ Even though neither party raises the issue of the completeness of the judgment in this case, this court is required to ascertain *sua sponte* if the jurisdictional prerequisite of a final judgment has been met. *Asbury v. Crawford Elec. Co-op., Inc.,* 9 S.W.3d 774, 777 (Mo.App.2000). This court only has jurisdiction over final judgments. Rule 74.01; *Garrett v. Finnell,* 999 S.W.2d 304, 305 (Mo.App.1999). A final judgment is one which disposes of all claims to all parties. *Id.* Rule 74.01(b), however, provides an exception to this requirement and allows the trial court to enter a judgment on less than all claims and certify that there is "no just reason for delay." *Asbury,* 9 S.W.3d at 777. Rule 74.01(b) states, in pertinent part:

When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. . . .

■■■ The judgment in this case neither addressed Bush's claim for quantum meruit in Count II of its petition, nor did it contain "an express determination that there [was] no just reason for delay." Rule 74.01(b). "[A] judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Asbury,* 9 S.W.3d at 777. Because no final disposition was made with regard to the remedy of quantum meruit, and the trial court did not make an express determination that there was no just reason for delay, the judgment in this case is not final. This court, therefore, must dismiss the appeal for lack of jurisdiction.

All concur.