ST. JOSEPH AMBULATORY
SURGERY CENTER,
L.P., Appellant,

v.

Bruce D. SMITH, M.D., Randall J. Moeller, M.D., C. Daniel Smith, D.O., Douglas Stokes, M.D., Larry W. Piper, D.P.M., Phillip A. Lipira, D.P.M., Michael D. DePriest, M.D., William G. Humphreys, M.D., Robert E. Remis, M.D., Respondents.

No. WD 62989.

Missouri Court of Appeals,
Western District.

Aug. 10, 2004.

Robert A. Henderson, Kansas City, MO, for Appellant.

Stephen J. Briggs, St. Joseph, MO, for Respondents.

Before ULRICH, P.J., LOWENSTEIN and EDWIN H. SMITH, JJ.

HAROLD L. LOWENSTEIN, Judge.

St. Joseph Ambulatory Surgery Center, L.P., (St.Joseph) appeals from the trial court's order denying its request for injunctive relief against several doctors who had an ownership interest in the limited partnership. Because there was no final judgment issued, this court has no jurisdiction over the case, and the appeal must be dismissed.

## I.

St. Joseph is a limited partnership that operates a surgery center in the city of St. Joseph. The respondents in this action are doctors who became limited partners with St. Joseph in 1992. As part of the agreement, the respondent doctors were required to make an investment of $15,000 and to execute a restrictive covenant not to invest in any competing surgery center within twenty-five miles of the surgery center operated by the appellant, St. Joseph. The "no-compete" clause was binding on the ·doctors for as long as they possessed an interest in the partnership. However, there was a provision in the agreement that permitted a limited partner to transfer his interest in the partnership under certain circumstances.

In 2002, while they were still limited partners with St. Joseph, the doctors began planning to develop a surgery center within the boundary prohibited by the "no-compete" clause. The doctors attempted to transfer their interest to another limited partner, and then formally requested the general partner's consent in the attempted transfer. The general partner refused to consent to the transfer and filed a suit against the doctors, seeking to enjoin them from investing in the competing surgery center and monetary damages for breach of the partnership agreement.

The trial court ruled in favor of the doctors and denied St. Joseph's request for a permanent injunction, but did not rule on the issue of monetary damages. Instead, it certified the judgment as having "no just reason for delay" as allowed by Rule 74.01(b). St. Joseph then appealed the order denying them injunctive relief.

## II.

Before this court turns to the merits of the appeal, it must first determine whether jurisdiction is proper. *Lumbermens Mut. Cas. v. Thornton*, 36 S.W.3d 398, 401 (Mo.App.2000). While neither party originally raised the issue of jurisdiction, this court must do so *sua sponte*. *Bush Constr. Mach., Inc. v. Kansas City Factory Outlets, L.L.C.*, 37 S.W.3d 852, 854 (Mo.App.2001). This court only has jurisdiction over final judgments. *Id.* A judgment is final, and thus appealable, if it "resolves all issues in a case, leaving nothing for future determination." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). If there is no final judgment, this court has no jurisdiction to consider the appeal, and the appeal must be dismissed. *Id.*

Here, St. Joseph originally filed a suit against the doctors that sought to divest themselves of their interest in the surgery center, seeking a permanent injunction prohibiting those doctors from investing in a competing surgery center, or in the alternative, monetary damages. The trial court denied St. Joseph's request for injunctive relief, but it did not rule on the issue of monetary damages. Instead, the trial court certified the judgment as a final judgment for purposes of appeal as allowed by Rule 74.01(b).

However, the Supreme Court has already spoken as to this issue: "[T]he denial ... of one of several grounds for relief ... cannot constitute a final judgment, even in the context of a Rule 74.01(b) certification 'that there is no just reason for delay [of the appeal],' because

relief may still be granted on one of the remaining grounds." *State ex rel. Hilburn v. Staeden,* 62 S.W.3d 58, 61 (Mo. banc 2001). Since the trial court could still grant or deny relief on St. Joseph's prayer for monetary damages, there is no final judgment that would allow this court to hear this appeal. As to St. Joseph's motion requesting that this appeal be considered an original writ, this court declines to do so. Accordingly, the appeal must be dismissed.

All concur.