Chrystal D. LUNDE, Appellant,

v.

Carol A. SCARDACCI, Respondent.

No. WD 64457.

Missouri Court of Appeals,
Western District.

Nov. 8, 2005.

As Modified Nov. 28, 2005.

David H. Bony, Kansas City, MO, for appellant.

Martin M. Montemore, Howard D. Lay, and Matthew W. Geary, Kansas City, MO, for respondent.

Before: HOWARD, P.J., and SMART and NEWTON, JJ.

PER CURIAM.

Chrystal Lunde ("Plaintiff") appeals from the trial court's judgment setting aside the damages portion of a default judgment entered against Carol Scardacci ("Defendant") in Plaintiff's personal injury lawsuit. For the reasons set forth below, we reverse the trial court's judgment.

## Background

The following chronology of relevant proceedings before the trial court aids in our resolution of this appeal.

On September 12, 2000, Plaintiff was riding as a passenger in a car that was rear-ended by Defendant. After the collision, Plaintiff observed that Defendant appeared intoxicated. The police arrived, and Defendant was arrested for driving while intoxicated. Plaintiff, who complained of neck, back, and shoulder pain, went to the hospital by ambulance. Plaintiff subsequently suffered from severe neck pain and headaches and received treatment from a chiropractor, who then referred Plaintiff to a neurosurgeon.

On May 31, 2002, Plaintiff filed a petition for personal injuries in the Circuit Court of Jackson County, seeking both actual and punitive damages from Defendant. The sheriff served Defendant with the petition and summons on or about June 9, 2002. When Defendant failed to answer within thirty days of service, as required by Rule 55.25, Plaintiff moved for a default judgment under Rule 74.05(a).

Plaintiff sent Defendant notice of the October 18, 2002 default hearing, but Defendant did not appear.[1]

On October 18, 2002, the trial court conducted a default hearing. Plaintiff testified about the collision and presented evidence of her resulting damages.

On October 22, 2002,[2] the trial court entered a default judgment against Defendant for $150,000 in actual damages and $50,000 in punitive damages.

Defendant filed for bankruptcy shortly after entry of the default judgment.[3] Thereafter, Defendant's insurer became aware of the default judgment against Defendant, and on December 17, 2002, Defendant filed a Motion to Set Aside Default Judgment, in which she alleged, in relevant part:

> 7. Defendant set the papers aside and mistakenly believed that her insurance company would also be served with the lawsuit, papers, or at least would be aware of the lawsuit because plaintiff's attorney had been communicating with it.
>
> 8. This Motion to Set Aside Default Judgment is filed well within one (1) year of the entry of default judgment dated October 18, 2002.
>
> 9. Defendant's mistake was not intended to impede the judicial process. The undersigned has only recently been retained and is promptly filing this Motion to address the default entered against defendant.
>
> 10. The interests of justice require that defendant be given an opportunity to answer the Petition, attempt to resolve this matter, and, if unsuccessful at resolution, to proceed to trial on the merits of liability and damages.

Nothing in the record on appeal indicates that either stay has been lifted.

Defendant mentions the effect of the trial court's stay and the automatic bankruptcy stay only with regard to her argument that her December 17, 2002 motion to set aside was filed within "a reasonable time" under Rule 74.05(d), because Plaintiff could not take any action to enforce her judgment. In support, Defendant cites *Hopkins v. Mills–Kluttz*, 77 S.W.3d 624, 626 (Mo.App. E.D.2002), which provides that in determining whether the time in which a party seeks to set aside a default judgment is reasonable, the court will "look at the underlying circumstances surrounding the delay. [The court] consider[s] whether the delay resulted in substantial harm to plaintiff and whether anything happened during the period of the delay that would adversely affect plaintiff's ability to pursue her cause of action on the merits." However, as explained later in our opinion, we need not consider whether Defendant's December 17, 2002 motion to set aside was filed within a reasonable time under Rule 74.05(d). Accordingly, we need not consider any prejudice, or lack thereof, to Plaintiff by the timing of Defendant's December 17, 2002 Motion to Set Aside.

---

1. Plaintiff's counsel was courteous in serving Defendant with notice of the default hearing. In fact, there were actually two notices sent because the default hearing date was changed. " 'Once properly served, a party who defaults is charged with notice of all subsequent proceedings in the case. Therefore, a party in default has no right to notice of the default proceedings.' " *McElroy v. Eagle Star Group, Inc.*, 156 S.W.3d 392, 397 n. 3 (Mo.App. W.D.2005) (quoting *Bredeman v. Eno*, 863 S.W.2d 24, 26 (Mo.App. W.D.1993) (internal citations omitted)).

2. We note that Judge Roldan signed the Default Judgment on October 18, 2002, which is the date the parties refer to for its entry, but a judgment is not considered entered until "a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Rule 74.01(a). The Default Judgment was filed and, therefore, entered, on October 22, 2002.

3. Defendant's bankruptcy filing triggered an automatic stay under 11 U.S.C. § 362 (2000). On October 30, 2002, after receiving notice of Defendant's bankruptcy filing, the trial court separately entered an order that "this cause is STAYED until further notice of a change or resolution of the federal [bankruptcy] case[.]"

Plaintiff filed suggestions in opposition to Defendant's motion, in which she argued that Defendant's motion to set aside was inadequate under the pleading requirements of Rule 74.05(d), because Defendant did not state any facts constituting a meritorious defense.

On January 8, 2003, the trial court entered an *"ORDER"* overruling Defendant's Motion to Set Aside.

On April 30, 2003, Defendant filed a "Motion for Reconsideration of Defendant's Motion to Set Aside Default Judgment" and requested a hearing on her motion. Plaintiff again filed suggestions in opposition.

On May 12, 2003, the trial court entered an *"ORDER"* overruling Defendant's Motion for Reconsideration and denying her request for a hearing.

On June 20, 2003, Defendant filed a notice of appeal from the trial court's May 12, 2003 order with this court.

On July 10, 2003, this court wrote counsel a letter stating, "It appears the order of May 12, 2003 was not '[a] writing signed by the judge and denominated "judgment"['].... [Rule 74.01(a)]; *City of St. Louis v. Joseph Hughes*, 950 S.W.2d 850 (Mo.1997)." We requested suggestions as to why the appeal should not be dismissed. No suggestions were filed.

On July 16, 2003, Defendant's counsel wrote Judge Roldan, enclosing this court's July 10, 2003 letter and stating, "We are unable to appeal your Order of May 12, 2003 because it is not a final, appealable judgment." Defendant did not specifically request the trial court denominate the order a "judgment" so that she could properly appeal from it. Rather, she again requested a hearing on her Motion to Set Aside and Motion for Reconsideration.

On August 4, 2003, this court entered an Order dismissing Defendant's appeal for lack of a final, appealable "judgment" pursuant to section 512.020, RSMo 2000, and Rule 74.01. On August 22, 2003, this court issued a mandate dismissing Defendant's appeal from the "Order" denying her Motion for Reconsideration. .

Nothing further appears on the trial court's docket until February 19, 2004, when Plaintiff filed her "Request for Writ of Execution and/or Writ of Garnishment." The writ was served on Defendant's insurer on February 23, 2004.

On March 17, 2004, Defendant filed a motion entitled, "MOTION BY DEFENDANT TO SET ASIDE INTERLOCUTORY JUDGMENT OR IN THE ALTERNATIVE TO MAKE INTERLOCUTORY JUDGMENT FINAL TO PERMIT AN APPEAL AS WELL AS TWO DENIALS OF PRIOR MOTIONS TO SET ASIDE BY AN 'ORDER', AND FOR FINDINGS OF FACTS AND CONCLUSIONS OF LAW." On March 31, 2004, Defendant's insurer also moved to quash the garnishment. Thereafter, Plaintiff filed suggestions in opposition, and Defendant filed supplemental suggestions in support.

On August 5, 2004, the trial court summarily entered a *"JUDGMENT/ORDER"* sustaining both Defendant's Motion to Quash filed on March 31, 2004, and Defendant's March 17, 2004 Motion to Set Aside as to damages but not liability.

This appeal follows.

### "Interlocutory" Judgment

■ As a preliminary matter, we consider a matter regarding the default judgment that Defendant has raised. It appears from the October 22, 2002 Default Judgment in the record on appeal that it was originally titled "INTERLOCUTORY JUDGMENT," but Judge Roldan crossed out and initialed "INTERLOCUTORY."

However, Judge Roldan did not cross out "Interlocutory" before the word "Judgment" in the body of the judgment. In the current appeal, Defendant has suggested in correspondence to this court that, as a result of the characterization of the judgment as "Interlocutory" in the body of the judgment, we do not have a final judgment for purposes of appeal. After receiving Defendant's correspondence and a response from Plaintiff, this court accepted the appeal and asked the parties to address the issue in their briefs. Plaintiff has not briefed the finality issue. Defendant discusses the interlocutory nature of the default judgment with regard to the timing of her March 17, 2004 Motion to Set Aside, but she does not argue that it deprives this court of jurisdiction for lack of a final judgment.

■ We must look at the judgment as a whole. The default judgment substantively disposed of all parties and all claims. *See St. Joseph Ambulatory Surgery Ctr., L.P. v. Smith,* 140 S.W.3d 619, 620 (Mo. App. W.D.2004) (quoting *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997), in explaining that "A judgment is final, and thus appealable, if it 'resolves all issues in a case, leaving nothing for future determination.' "). There is nothing "interlocutory" about the default judgment in this case. To hold otherwise would exalt form over substance.[4] By crossing out and initialing "Interlocutory" in the heading of the default judgment, Judge Roldan clearly intended it to be final; it appears a mere oversight that he did not also cross out "Interlocutory" in the body of the judgment.

Moreover, the allegedly "Interlocutory" default judgment is not the "judgment" Plaintiff has appealed from. The judgment appealed from here is the August 5, 2004 *"JUDGMENT/ORDER"* setting aside the default judgment (interlocutory or not) as to damages, and there is no issue regarding the finality of that judgment. Defendant's March 17, 2004 Motion to Set Aside, which the trial court granted with regard to damages, was filed after the default judgment became final. Thus, "it is treated as an independent proceeding, separate and apart from the underlying judgment itself. In such a case, the trial court's order granting or denying the motion to set aside default judgment is itself (assuming that all other prerequisites of appellate jurisdiction are met) a separately appealable judgment." *Popular Leasing USA, Inc. v. Universal Art Corp. of New York,* 57 S.W.3d 875, 878 (Mo.App. E.D. 2001) (citations omitted).

## Timeliness of Motion to Set Aside Default Judgment

■ Before we can reach the merits of the trial court's judgment setting aside the default judgment, we must consider whether the trial court could properly consider Defendant's March 17, 2004 motion to set aside as timely under the requirements of Rule 74.05(d). Plaintiff argues in her first point on appeal that the trial court erred in granting Defendant's March 17, 2004 Motion to Set Aside the Default Judgment, because the motion was not filed in reasonable time or within a year of the default judgment. We agree.

---

4. This is not a case involving multiple defendants where, in accordance with section 511.130, RSMo 2000, "even though a default judgment against one defendant in a multi-defendant case might be 'final' in virtually every other sense, it nevertheless is held in abeyance and does not truly become final until the claims against the other defending parties are disposed of." *Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 539 (Mo.App. E.D.2001).

Rule 74.05(d), which is the focus of this appeal, provides as follows:

**When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. *The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment.* Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

(Emphasis added.)

Defendant does not dispute that her March 17, 2004 Motion to Set Aside was filed more than a year after the October 22, 2002 Default Judgment. Nevertheless, Defendant argues that her March 17, 2004 Motion to Set Aside—the motion ultimately granted by the trial court—was timely under Rule 74.05(d), because it "renewed" or "was directed at" her original, December 17, 2002 Motion to Set Aside, which was filed only two months after the default judgment and which had never been denied by a final, appealable judgment. In so arguing, Defendant reiterates the above chronology of events leading up to the filing of her March 17, 2004 Motion to Set Aside. Specifically, Defendant claims:

In this case, the Trial Court essentially modified or set aside its January 8, 2003 and May 12, 2003 Orders[, which reflected the trial court's denial of Defendant's December 17, 2002 Motion to Set Aside and the Motion for Reconsideration thereof], when it entered its August

5, 2004 Judgment setting aside the Interlocutory Judgment as to damages.... The fact that the Motion to Set Aside was filed on March 17, 2004 is of no consequence. The March 17, 2004 Motion was directed at the January 8, 2003 and the May 12, 2003 Orders, which addressed motions that were clearly filed within one year of the Interlocutory Judgment.

Defendant also contends that because the trial court issued only "Orders" denying her December 17, 2002 Motion to Set Aside and April 30, 2003 Motion for Reconsideration, which she tried to appeal from but this court dismissed for lack of a final "judgment," the trial court retained jurisdiction to reconsider its rulings in those orders. In support of her argument, Defendant claims that she asked the trial court by letter to enter a final judgment and that her March 17, 2004 Motion to Set Aside asked in the alternative for the trial court to denominate the "Order" a "Judgment," but the trial court chose instead to reconsider the issue and issue a judgment setting aside the default judgment.

We disagree with Defendant's argument that the fact that the Motion to Set Aside was filed on March 17, 2004, is of no consequence. Even if the trial court retained jurisdiction to consider Defendant's second, March 17, 2004 Motion to Set Aside, the above-emphasized time limits in Rule 74.05(d) for bringing a motion to set aside a default judgment still applied, so any motion to set aside the default judgment brought thereunder had to "be made *within a reasonable time not to exceed one year after the entry of the default judgment.*"

Defendant's first motion to set aside the default judgment (filed December 17, 2002) was deficient under the pleading requirements of Rule 74.05(d), because it stated only that Defendant had

good cause for failing to answer Plaintiff's petition, without any supporting affidavits. The motion did not state any facts constituting a meritorious defense. As we explained in *McElroy*, 156 S.W.3d at 403:

> "Under the explicit terms of Rule 74.05(d), a motion to set aside a default judgment must state facts constituting both a meritorious defense and good cause for the default. When deciding whether a moving party has complied with the pleading requirements of Rule 74.05(d), courts examine the allegations set forth in the motion to set aside the default judgment and consider the contents of any accompanying materials such as affidavits, exhibits, and proposed answers."

(Quoting *Reed v. Reed*, 48 S.W.3d 634, 640 (Mo.App. W.D.2001) (internal quotation marks and citation omitted)).[5] Defendant never sought leave to amend or supplement her first motion to set aside, and she did not further pursue having the trial court denominate the order denying her first motion to set aside a "judgment," so she could appeal.[6] Instead, on March 17, 2004, a year and three months after filing her first motion to set aside, Defendant filed a second motion to set aside. This second motion cured the pleading deficiencies of Defendant's first motion to set aside by including the same allegations of good cause for her failure to respond to Plaintiff's petition, with extensive affidavits and supporting exhibits, in addition to facts constituting a meritorious defense. Defendant seeks to have her second motion to set aside deemed timely because she filed her *first* motion to set aside within a reasonable time not exceeding one year as required by Rule 74.05(d).

Defendant cites no authority for her argument that this second motion was timely under Rule 74.05(d) because it "renewed" or "was directed at" her fatally flawed December 17, 2002 motion to set aside, which the trial court had not denied by a final and appealable judgment. We found no provision or case law allowing a motion to set aside brought outside the one-year time limit to renew, for filing deadline purposes under Rule 74.05, a previous motion to set aside that was brought within the one-year time limit and denied by an order of the trial court. Defendant's arguments suggest that as long as she filed a motion to set aside within the time allowed by Rule 74.05(d), and that motion has not been denied by a final judgment of the trial court, she can infinitely file additional motions to set aside until such time as a motion to set aside is granted or denied by a final and appealable judgment of the trial court. Put another way, Defendant suggests she had infinite bites at the apple until such time as the trial court entered a final and appealable judgment denying her initial, December 17, 2002 Motion to Set Aside, which was insufficient to invoke a claim for relief under Rule 74.05(d) in the first place. Such a result is contrary to the time limits of Rule 74.05(d) and to the spirit of the rule in promoting timeliness in arriving at a final conclusion.

By the plain terms of Rule 74.05(d), any motion to set aside a default judgment must be made not more than one year after the default judgment is entered.

---

**5.** *Reed* was overruled, in part, on other grounds by *McElroy*, 156 S.W.3d at 401.

**6.** Defendant's failure to immediately pursue a denomination of the order denying her first motion to set aside as a final "judgment" for purposes of appeal could, perhaps, be explained by the fact that her December 17, 2002 motion to set aside did not meet the pleading requirements of Rule 74.05(d), in that she did not state any facts constituting a meritorious defense, so her chances of prevailing on appeal were slim.

The trial court entered its default judgment against Defendant on October 22, 2002, and Defendant did not file a motion sufficient to allow the relief sought under Rule 74.05 within the one-year time limit. Because Defendant's March 17, 2004 motion to set aside was not filed within one year after entry of the default judgment, the trial court should have denied it as untimely.

In so ruling, we do not express any opinion as to the propriety of bringing a second motion to set aside within the one-year time limitation in order to correct deficiencies in an initial motion to set aside. Such a successive motion could still be denied as not being made within a "reasonable time." Additionally, our opinion does not address the situation where a party moves to amend a timely filed but defective motion after the time limitation.

Because Plaintiff's first point on appeal is dispositive, we need not address her remaining points challenging Defendant's allegations of good cause and meritorious defense raised in Defendant's March 17, 2004 Motion to Set Aside.

### Conclusion

The trial court erred in granting Defendant's March 17, 2004 Motion to Set Aside, because it was not filed within a year of the October 22, 2002 Default Judgment as required by Rule 74.05(d). Accordingly, we reverse the judgment setting aside the damages portion of the default judgment entered against Defendant.