ARROW FINANCIAL SERVICES, L.L.C., Respondent,

v.

Sarah L. BICHSEL, Defendant,

Jewelry Doctor, Inc., Appellant.

No. WD 66090.

Missouri Court of Appeals, Western District.

Nov. 21, 2006.

204

 

Thomas M. Franklin, Kansas City, for Appellant.

Ronald Charles Miller, St. Louis, for Respondent.

RONALD R. HOLLIGER, Judge.

The Jewelry Doctor, Inc. ("Jewelry Doctor"), as a garnishee, appeals a judgment entered in favor of Arrow Financial Services, L.L.C. ("Arrow"), as a garnishor, in a garnishment proceeding. Jewelry Doctor argues that the trial court erred in entering judgment against it without having first ruled on its objections to the garnishment interrogatories. Those objections raised the issue whether the garnishment interrogatories were filed and served as required by law. We find that filing and proper service of those interrogatories is jurisdictional and, therefore, reverse and remand for further proceedings to determine whether the garnishment court's jurisdiction was properly invoked.

After obtaining a judgment against Sara Bichsel, Arrow initiated a garnishment against Jewelry Doctor where Bichsel was employed. That garnishment was served on Jewelry Doctor at its place of business by serving the "only one present/only one in charge," who happened to be Bichsel herself. Jewelry Doctor maintains that it never received any summons, writ request, or interrogatories in connection with that garnishment. Rather than pursue that garnishment, however, Arrow filed a second garnishment, which was served on a different employee at the same location. The present appeal arises from this second garnishment.

When Jewelry Doctor failed to respond to the second garnishment, Arrow filed a motion to compel answers to garnishment interrogatories, which the trial court

granted. Arrow subsequently took a default judgment against Jewelry Doctor. Jewelry Doctor then filed a motion to set aside the default judgment, in which it asserted that it first became aware of the entire garnishment proceeding when the court mailed it a copy of the default judgment. That motion was granted, and a hearing was conducted at which the trial court heard Arrow's oral motion to reinstate the previous judgment. At that hearing, in an apparent attempt to determine Jewelry Doctor's liability to the underlying debtor and to Arrow, the trial court ordered Jewelry Doctor to answer a standard set of garnishment interrogatories. Jewelry Doctor raised no objection to that order at the hearing. After reviewing the mildly contorted history of both garnishments, the court continued the hearing to reconvene after those answers were received.

At the expiration of ten days, however, Jewelry Doctor had not submitted answers, but instead filed objections to the interrogatories in which it asserted—for the first time—that the interrogatories had not been properly filed or served in accordance with Missouri Supreme Court Rule 90.07(a), thereby depriving the trial court of jurisdiction to order that interrogatories be answered. Characterizing this action as a failure to comply with its previous order compelling answers, the court then entered judgment in favor of Arrow. Jewelry Doctor appeals that judgment.

## Standard of Review

 Appellate review of a court-tried garnishment action is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *United States v. Brooks*, 40 S.W.3d 411, 412 (Mo.App. S.D.2001). The judgment of the trial court must, therefore, be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy*, 536 S.W.2d at 32. Where the essential facts necessary to establish subject matter jurisdiction are not in dispute, a pure question of law is presented, which this court reviews *de novo*. *Ryan ex rel. Estate of Reece v. Reece*, 31 S.W.3d 82, 86 (Mo.App. W.D.2000). However, where subject matter jurisdiction depends upon a factual determination, this court reviews only for an abuse of discretion. *Sexton v. Jenkins & Assoc., Inc.*, 41 S.W.3d 1, 4 (Mo.App. W.D.2001). "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Lohmann v. Norfolk & W. Ry. Co.*, 948 S.W.2d 659, 668 (Mo.App.1997).

## Points on Appeal

While Jewelry Doctor maintains that it had no actual knowledge of the second garnishment at the time of service, no challenge to the sufficiency of process concerning the garnishment itself is advanced on appeal. Jewelry Doctor instead focuses this court's attention on its claim that garnishment interrogatories were not filed and served with that summons and writ request.

Jewelry Doctor asserts three points of error on appeal. In the first of these points, Jewelry Doctor claims that the trial court was deprived of jurisdiction by Arrow's failure to properly file and serve interrogatories in connection with its second garnishment action. Arrow maintains before this court, as it did before the trial court, that both garnishment summons were accompanied by interrogatories. Because the ultimate disposition of the present appeal turns on the resolution of that

disputed question of fact, the remaining two points need not be addressed here.

 Garnishment proceedings in Missouri are governed by Supreme Court Rule 90, which requires that garnishment interrogatories be filed "[p]rior to the issuance of the summons and writ of garnishment." Rule 90.07(a). These interrogatories must also be "served simultaneously with the summons and writ of garnishment." *Id.* Because a garnishment action in Missouri is purely a creature of statute in derogation of the common law, strict compliance with the statutes and rules governing such actions is "essential to confer and support jurisdiction in a garnishment proceeding." *State ex rel. Bagnell Inv. Co., Inc. v. Luten,* 647 S.W.2d 539, 541 (Mo. banc 1983). Thus, if Jewelry Doctor is correct in its assertion that the interrogatories were not properly served or filed, the trial court was without jurisdiction in the garnishment proceeding.

On appeal, Arrow argues that Jewelry Doctor, through counsel, waived any potential objection concerning service of the interrogatories at the motion hearing. Jewelry Doctor generally framed the issue at that hearing to be one of notice, and never specifically asserted any failure on Arrow's part to comply with the requirements of Rule 90. After establishing that two garnishments had been served without any response from Jewelry Doctor, the court posed the question, "How can we make arrangements to get answers to the garnishment interrogatories?" To this question, counsel for Jewelry Doctor replied, "My client doesn't have a problem answering the garnishment interrogatories, Your Honor." The court then proceeded to set a deadline for Jewelry Doc-

tor to submit answers and continued the hearing to reconvene after that date.

If Jewelry Doctor had been capable of waiving its objection concerning the filing and service of the interrogatories, it seems clear that it would have done so, both by its affirmative statement and by its failure to raise any objection to the court's order directing that answers be submitted. The colloquy described above would be sufficient in most cases to waive any defense related to personal jurisdiction, insufficiency of service, or insufficiency of process. *See* Rule 55.27(g)(1).

 Jewelry Doctor's claim before this court, however, raises a question of subject matter jurisdiction. *See Bagnell,* 647 S.W.2d at 541. Rule 55.27(g)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As is apparent from the rule, this defense may be raised at any time, and is not waivable. *See Kelch v. Kelch,* 450 S.W.2d 202, 204 (Mo.1970). Regardless of the manner in which a question regarding subject matter jurisdiction is raised, a trial court should "initially treat it as a motion to dismiss for lack of subject matter jurisdiction." *Parmer v. Bean,* 636 S.W.2d 691, 696 (Mo. App. E.D.1982). Unless this question is resolved in favor of jurisdiction, the trial court is deprived of authority to do anything but dismiss the case. Rule 55.27(g)(3).

 In the instant case, the trial court did not rule on Jewelry Doctor's interrogatory objections and the record on appeal does not otherwise include any finding that disposes of the jurisdictional question.[1] Instead, the trial court found that

---

1. We do not suggest that the trial court was required to make any finding of fact. Ordinarily we will presume the court made all necessary findings "in accordance with the result reached." *McCullough v. Newton,* 348 S.W.2d 138, 142 (Mo. banc 1961). We do not

Jewelry Doctor had failed to comply with its order to file answers, that it was thereby in default, and entered judgment in favor of Arrow. Under Rule 90.08, the trial court may enter a default judgment where a garnishee fails to comply with an order to answer interrogatories. Arrow argues this was appropriate under the circumstances of the present case, to the extent that Rule 90.08 may be viewed as a sanction for the garnishee's discovery violation, analogous to Rule 61. This court does not reach that issue. Assuming *arguendo* that Rule 90.08 authorizes sanctions against a recalcitrant garnishee, it could not plausibly be argued that a trial court can thereby impose jurisdiction over the subject matter.

Thus, in the absence of a ruling on Jewelry Doctor's interrogatory objections, the court was without power to find Jewelry Doctor in default under Rule 90.08. Similarly, in the absence of such a ruling or any other findings regarding the jurisdictional facts at issue, it is difficult, if not impossible, for this court to determine whether the trial court abused its discretion by continuing to exercise jurisdiction over the garnishment proceeding. *See Bennett v. Rapid Am. Corp.*, 816 S.W.2d 677 (Mo. banc 1991) (finding record inadequate to determine whether personal jurisdiction existed and remanding for further proceedings to resolve the jurisdictional issue).

 Both parties to this appeal point to various facts in the record to suggest that interrogatories were or were not filed and served in accordance with the rules of the circuit court. Notably, the standard

return of service form executed in connection with a garnishment summons bears a pair of checkboxes that would allow the process server to indicate what was served. One of those checkboxes is labeled "Summons of Garnishment/Interrogatories," while the other is labeled "Levy." On the returns executed in the present case, those boxes are blank.

On appeal, Jewelry Doctor suggests that these blank checkboxes somehow indicate that no interrogatories were served. Similarly, Arrow points to language in the summons itself, which directs the garnishee to "file your answers to the interrogatories served herewith," and suggests that this language creates a presumption that the circuit clerk would not issue the garnishment unless accompanied by the requisite interrogatories.[2]

The various inferences and presumptions suggested on appeal, however, do not provide this court with a basis "upon which we can rule with some degree of confidence in the reasonableness, fairness and accuracy of our final conclusion." *In The Interest of I.M.J.*, 428 S.W.2d 18, 22 (Mo. App.1968). As our Supreme Court noted under similar circumstances:

> The participants in this trial, the parties and their counsel, may have had personal knowledge of all the facts stated or assumed in their briefs … but certain of these essential and compelling facts and testimony do not appear in this transcript and of course are not available to this court.

*Saville v. Bradshaw*, 359 S.W.2d 676, 678 (Mo. banc 1962). Rule 55.28, which allows for the taking of affidavits and the hearing

---

do so here because the court's order indicates that it was not ruling on Jewelry Doctor's jurisdictional objections.

**2.** The Circuit Court's Local Rule 81.0 also notes that requests for garnishment will not

be "accepted or processed by the Court Administrator's Office unless presented on circuit court form CIRCT 1695 together with interrogatories on circuit court form CIRCT 1665."

of oral testimony, provides an appropriate method for the trial court to resolve questions not answered by the record in its current state. Rule 54.22 dealing with amendment of a return of service may provide another approach. The trial court may further take notice of or hear evidence concerning its own procedures for receipt and handling of garnishment interrogatories when determining whether such interrogatories were properly filed and served in the instant case. Conversely, this court is ill equipped to make such a determination.

## Conclusion

 Where, as here, "all pertinent factual information was not presented upon trial," this court has the power to remand for a new trial. *Hood v. M.F.A. Mut. Ins. Co.,* 379 S.W.2d 806, 812 (Mo.App.1964). Because the factual predicates necessary to resolve the question of jurisdiction under Rule 90 have not been developed, and it appears from the record that such evidence may be available, the case is reversed and remanded for a determination by the trial court regarding that issue and further proceedings consistent with the principles articulated in this opinion.

JOSEPH M. ELLIS, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.