Chrystal D. LUNDE, Respondent,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.

No. WD 69886.

Missouri Court of Appeals, Western District.

Sept. 29, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 2009.

---

See also 175 S.W.3d 676.

Daniel R. Defoe, for Appellant.

David H. Bony, for Respondent.

Before THOMAS H. NEWTON, C.J.,
JAMES EDWARD WELSH, and
KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

American Family Mutual Insurance
Company appeals the circuit court's judg-

ment in garnishment in favor of Chrystal Lunde arising from a default judgment. American Family contends that the circuit court erred in: (1) finding that Carol Scardacci's bankruptcy filing had no effect on the default judgment, and (2) finding that the insurance policy required American Family to pay post-judgment interest. We affirm.

On May 31, 2002, Lunde filed a petition against Scardacci for personal injuries arising from an automobile collision. Scardacci failed to file an answer or otherwise respond. On October 18, 2002, the circuit court held a hearing on Lunde's motion for default judgment. The circuit court entered default judgment in favor of Lunde and against Scardacci in the amount of $150,000 actual damages and $50,000 punitive damages. The judgment was signed and dated on October 18, 2002, but was not file-stamped until October 22, 2002. Also, on October 22, 2002, Scardacci filed a chapter 7 bankruptcy petition. In her petition, Scardacci listed Lunde as a creditor and listed the suit against her by Lunde as a pending civil lawsuit. Subsequently, Scardacci filed a notice of bankruptcy in the suit that Lunde filed against her. On October 30, 2002, the circuit court entered an order staying the action due to the notice of bankruptcy. In December 2002, Scardacci filed a motion to set aside the default judgment, which was subsequently denied.

On March 24, 2003, Scardacci was discharged in bankruptcy court, and her case was closed. On April 30, 2003, Scardacci filed a motion to reconsider her motion to set aside the default judgment, which was also denied. On June 10, 2003, the bankruptcy court granted Lunde's previously filed objection to discharge stating that the damages awarded to Lunde by the circuit court judgment were not dischargeable.

In February 2004, Lunde filed a garnishment action against American Family as Scardacci's insurance coverage provider. On March 17, 2004, Scardacci filed another motion to set aside default judgment. Also, in March 2004, American Family filed a motion to quash garnishment. On August 5, 2004, both motions were sustained. The motion to set aside default judgment was sustained as to the damages but not as to liability. Lunde appealed that ruling to this court. In *Lunde v. Scardacci*, 175 S.W.3d 676 (Mo. App.2005), we reversed the circuit court's judgment and held that the circuit court lacked jurisdiction to grant the motion to set aside default judgment in that it was filed more than one year after entry of default as set forth in Rule 74.05(d).

On April 30, 2003, American Family offered to settle for the $25,000 policy limits. However, American Family did not pay its policy limits into the circuit court until November 22, 2005.

On February 5, 2006, Lunde filed a motion for post-judgment interest, which was denied by the circuit court. In March 2006, Lunde filed a second garnishment proceeding against American Family. American Family denied that it owed any money. On March 30, 2007, Lunde filed a motion for summary judgment in garnishment. The circuit court denied the summary judgment motion but held a garnishment hearing on February 1, 2008. On May 15, 2008, the circuit court entered judgment in favor of Lunde and awarded $55,473.75 in post-judgment interest. American Family appeals.

■ "Appellate review of a court-tried garnishment action is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Arrow Fin. Servs., L.L.C. v. Bichsel*, 207 S.W.3d 203, 206 (Mo.App.2006). We will affirm the circuit court " 'unless there is no substan-

tial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.' " *Id.* (quoting *Murphy*, 536 S.W.2d at 32).

∎ In point one, American Family contends that the circuit court erred by finding that Scardacci's bankruptcy filing had no effect on the previously entered default judgment. American Family claims that the default judgment could not have become final upon entry because the bankruptcy filing stayed the continuation of the proceedings in the circuit court. American Family claims that because the bankruptcy court did not lift the stay or validate the circuit court's judgment, the default judgment is void.

∎ Section 362(a) of the Bankruptcy Code provides that the continuation of a judicial proceeding against the debtor is stayed when the debtor files a bankruptcy petition. 11 U.S.C. § 362(a)(1). The automatic stay is only prospective. *Martin v. Lorren*, 890 S.W.2d 352, 357 (Mo.App. 1994). It does not nullify or undo anything that occurs prior to the filing of the bankruptcy petition. *Id.*

American Family argues that the October 22, 2002 judgment was not final on the day it was entered and that it could only have become final thirty days later in violation of the automatic stay. American Family contends that because the default judgment became final in violation of the automatic stay, the judgment is void and unenforceable. However, American Family fails to cite to any applicable law in support of this position. American Family cites several cases in its brief, but none are on point. *Ousley v. Casada*, 985 S.W.2d 757 (Mo. banc 1999), involved a judgment

entered during the automatic stay. *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317 (8th Cir.BAP 1999), involved a default judgment entered after the commencement of the bankruptcy proceedings and the automatic stay. *Kliefoth v. Fields*, 828 S.W.2d 714 (Mo.App.1992), also involved an entry of judgment during the automatic stay. In its analysis, the court in *Kliefoth* identified actions subsequent to a debtor filing a petition in bankruptcy court which had been invalidated for violation of the automatic stay. *Id.* at 716. They included filing a lawsuit against a debtor, liquidating a claim against a debtor, and recording a warranty deed in lieu of foreclosure. *Id.* None of these actions occurred in the present case.[1] Although § 362 halts judicial proceedings, it does not make time stand still nor toll the time in which a judgment already entered becomes final.

Rule 74.01(a) provides that "[a] judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." The evidence in this case was that the default judgment was file stamped on October 22, 2002, at 9:21 a.m. The petition in bankruptcy was filed on the same date but not until 5:35 p.m.

Rule 74.08 provides that "the lien of a judgment commences upon *entry* of the judgment, continues for a period of ten years, and is revived by a revival of the judgment." (Emphasis added.) The lien does not commence once the time for filing a motion to set aside runs; the lien begins upon entry.

Further, Rule 74.05(d) provides "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an

---

1. Further, the Eight Circuit has held that even affirmative action taken by the court does not violate the automatic stay where the action is ministerial and routine. *In re Carver*, 828 F.2d 463, 464 (8th Cir.1987).

interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d) provides that a default judgment may be set aside upon motion made within a reasonable time not to exceed a year. At the expiration of the thirty-day period in which the trial court retains jurisdiction over a judgment, the judgment becomes final. Rule 75.01; *Klaus v. Shelby,* 4 S.W.3d 635, 637 (Mo.App.1999). As we previously determined in *Lunde v. Scardacci,* 175 S.W.3d 676, 680 (Mo.App.2005), Scardacci failed to file a timely motion to set aside the default judgment. We note also in that opinion the finality of the default judgment was uncontested.

■ Further, even if the stay had some potential effect on the default judgment, Scardacci waived the stay when she filed her first motion to set aside default judgment. "[W]hen a debtor appears and defends a suit on any basis other than application of the automatic stay, the debtor is deemed to have waived the automatic stay as to that particular action." *In re Hoskins,* 266 B.R. 872, 879 (Bankr. W.D.Mo.2001). " 'To hold other wise would allow a [debtor] to have [a] trump card that he could play if he did not like the outcome of the action, but allowing him [to] take a favorable judgment.' " *Id.* (citation omitted). In this case, neither the circuit court nor Lunde took any further action with respect to the judgment prior to the automatic stay being lifted. Lunde filed her writ of garnishment only after the stay was lifted. The bankruptcy petition was filed after the default judgment was entered, and therefore, does not have any effect on the default judgment. Point one is denied.

■ In point two, American Family contends that the circuit court erred in finding that it was obligated to pay post-judgment interest from October 22, 2002, to November 22, 2005. American Family contends that its April 2003 offer to settle for policy limits six months after the judgment was entered was sufficient under its policy to halt the running of interest on the judgment. We disagree.

■ An insurance company's liability for post-judgment interest is determined by the written terms of the policy. *Levin v. State Farm Mut. Auto. Ins. Co.,* 510 S.W.2d 455, 461 (Mo. banc 1974). American Family's policy provides: "We will pay, in addition to our limit of liability . . . [i]nterest on damages awarded in any suit we defend as a result of a judgment until we have paid, offered to pay, or deposited in court that portion of the judgment which is not more than our limit of liability." We note that American Family does not contend here that it has no liability for interest on the damages awarded because it did not defend the suit. This was a default judgment that was undefended by either Scardacci or American Family. We offer no opinion on the merits of a contention not presented to us.

In this case, default judgment was entered in the amount of $150,000 actual damages and $50,000 punitive damages. American Family did not make any offer to pay policy limits prior to the entry of judgment. After a hearing, the circuit court found that American Family had made offers to settle this matter prior to paying its policy limits into the court on November 22, 2005; however, all prior offers were conditional upon Lunde giving up her claim to post-judgment interest and the remainder of the judgment in the amount of $175,000. The circuit court found that this clause required American Family to pay post-judgment interest from the date the judgment was entered on October 22, 2002, until American Family

paid its policy limits into the circuit court on November 22, 2005. The circuit court calculated that amount to be $55,473.75. American Family has not challenged the amount of interest calculated by the circuit court, only that interest should have ceased to accumulate when it offered to pay its policy limits.

The post-judgment interest clause serves the purpose of encouraging the insurer to expeditiously pay the portion of the judgment that is not subject to dispute with the incentive that if it does, it will be protected from the accrual of interest on any part of the judgment while the coverage issue is being litigated. *Welhoff v. Farm Bureau Town & Country Ins. Co.,* 54 S.W.3d 589, 596 (Mo.App.2001). However, once a judgment is entered, the insurer must offer the amount it owes to halt the running of interest. We need not address whether American Family owed interest on the entire judgment since we find its failure to offer interest on that portion of actual damages covered by the policy and within policy limits was sufficient to justify the continuing accrual of interest on that sum until that sum was offered.

A similar situation occurred in *Welhoff* where a judgment was entered for $150,000, which was in excess of the $25,000 policy limits. *Id.* at 591. Welhoff filed a garnishment action against the insurer for the full judgment plus pre-judgment and post-judgment interest. *Id.* The insurer offered to pay the policy limits *after* the judgment had been entered and in settlement of Welhoff's claims against it. *Id.* at 592. This court held that such an offer was insufficient to halt interest. *Id.* at 596.

The facts of the present case mirror those in *Welhoff.* American Family offered to pay its policy limits only after a judgment had been entered. The judgment plus interest due exceeded the policy limits. As such, the offer was insufficient to halt the accumulation of the interest.

American Family admittedly fails to provide any Missouri case law on point but directs us to *Campbell v. Turner,* 744 So.2d 1261 (Fla.Dist.Ct.App.1999). However, *Campbell* is not controlling and is clearly distinguishable from the present case. In *Campbell,* the insurer offered to settle the case for policy limits *prior* to a judgment being entered. *Id.* at 1262. In the present case, the offer to pay policy limits was made *after* a judgment exceeding those limits was awarded.

Like the insurer in *Welhoff,* American Family made an offer to settle for policy limits after a larger judgment had already been awarded. American Family failed to offer what was already owed to Lunde. Lunde did not accept and continued to pursue the full judgment plus post-judgment interest in the garnishment action. Even then, American Family paid only the policy limits into the circuit court and not interest. So, even the November 2005 payment into the circuit court of policy limits would be inadequate to stop the accumulation of interest. Point two is denied.

We, therefore, affirm the circuit court's judgment.

All concur.